995 F.2d 230
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nial CASTLE, Plaintiff-Appellant,
v.
SUPERIOR COURT OF CALIFORNIA, County of San Diego, Fourth
Dist. Court of Appeal for the State of California; John
Urquhart, Real parties in interest individually and as
trustees of the Urquhart family trust dated 4 July 79;
Kathleen Urquhart, Real parties in interest individually and
as Trustees of the Urquhart family trust dated 4 July 1979,
Defendants-Appellees.
 No. 92-56192.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 4, 1993.
 
 Before: HUG, WIGGINS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nial K. Castle appeals pro se the district court's dismissal of his action prior to service of process on the ground that the doctrine of res judicata bars Castle from bringing this action in federal court following entry of a final judgment on the merits in state court. Castle also appeals the district court's denial of his motion for reconsideration. Castle contends he is not barred from bringing this action in federal court because the state court action turned on a separate issue than that before the federal court. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 We review the district court's denial of a motion for reconsideration for abuse of discretion. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir.1991). We construe Castle's motion for reconsideration as a Rule 59(e) motion because he filed it within ten days of the entry of judgment. See Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir.), cert. denied, 493 U.S. 868 (1989). In examining the denial of a Rule 59(e) motion, we have jurisdiction to review both the court's denial of the motion as well as the underlying judgment. See id. Because Castle raised only arguments he had already presented to the district court in his motion for reconsideration, the district court did not abuse its discretion by denying the motion. See Fuller, 950 F.2d at 1442. Accordingly, we focus on the district court's dismissal of Castle's action. See Taylor, 871 F.2d at 805.
 
 
 4
 We construe the district court's dismissal of Castle's action prior to service of process as a dismissal pursuant to section 1915(d), and we review for abuse of discretion. See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). A district court may dismiss a pro se plaintiff's action prior to service of process pursuant to section 1915(d) only if the complaint is frivolous. McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991). A complaint is frivolous under section 1915(d) "if it lacks an arguable basis in law or fact." Jackson, 885 F.2d at 640.
 
 
 5
 Here, this action arose from a dispute over Castle's sublease of storage space in a warehouse owned by John and Kathleen Urquhart. The Urquharts initially leased the warehouse to American Table Cloth (ATC). The lease agreement barred ATC from subleasing the premises to a third party without the Urquharts' consent. In September of 1984 the Urquharts brought an unlawful detainer action against ATC alleging Haidee Ayub, doing business as ATC, had violated the lease by subleasing to third parties without the Urquharts' permission. On November 13, 1984, ATC filed for bankruptcy. Shortly thereafter, Haidee Ayub subleased a portion of the warehouse to Castle on a month-to-month basis, effective February 1, 1985.
 
 
 6
 On February 20, 1985, the bankruptcy court found the lease between the Urquharts and ATC void and ordered ATC to deliver possession of the warehouse to the Urquharts immediately. On March 4, 1985, a writ of possession was executed on the warehouse and the locks were changed. A complex set of events followed, the net result of which was that Castle did not attempt to remove his property from the premises until after his property had been sold.
 
 
 7
 In May, 1985, Castle brought an action against the Urquharts in superior court in San Diego, California, alleging the Urquharts were liable for conversion of Castle's personal property. The Urquharts filed a cross-complaint alleging that Castle was liable for trespass, or in quantum meruit. The superior court found there had been no conversion, Castle had trespassed on the Urquharts' property, and Castle was liable to the Urquharts in quantum meruit. On appeal, the court of appeals affirmed the superior court's finding that there had been no conversion, but found that Castle had not trespassed on the Urquharts' property, and reduced the amount of his liability in quantum meruit. The supreme court of California denied Castle's petition for review.
 
 
 8
 On June 3, 1992, Castle brought this action in federal district court. He repeated the allegations he had brought before the state court, and added allegations that the California state courts violated his fourteenth amendment due process rights and the Supremacy Clause of the Constitution by relying on California state law to determine the validity of his lease with ATC. On June 8, 1992, the district court dismissed the action with prejudice prior to service of process. Castle filed a motion to reconsider the dismissal of his action on June 17, 1992, which the district court denied on August 17, 1992. On appeal, Castle contends res judicata does not bar him from bringing this action in federal court because the California state courts never finally adjudicated the validity of the sublease agreement between himself and ATC.
 
 
 9
 Federal courts look to the law of the state where judgment was rendered for applicable res judicata and collateral estoppel principals. Sanchez v. City of Santa Ana, 936 F.2d 1027, 1035 (9th Cir.1990), cert. denied, 112 S.Ct. 417 (1991). In California, the doctrine of res judicata bars a party who has obtained a final judgment on the merits in state court from bringing a federal constitutional claim based on the same alleged injury as the state action and involving the same parties, whether or not the constitutional claim was specifically raised in state court. Sanchez, 936 F.2d at 1035. Res judicata is appropriate provided the party against whom the doctrine is asserted was a party to the former litigation. United States ex rel. Robinson Rancheria Citizens Council v. Borneo, 971 F.2d 244, 249 (9th Cir.1992). Res judicata may bar a party from bringing an action in federal court even if the issues before the federal court are not identical to those brought in state court. Id.
 
 
 10
 Further, collateral estoppel does not apply unless the party against whom it is asserted had a "full and fair opportunity" to litigate the issues in his action. Kremer v. Chemical Constr. Corp., 456 U.S. 461, 480-81 (1982). Nevertheless, "state proceedings need do no more than satisfy the minimum procedural requirements of the fourteenth amendment's due process clause in order to qualify for the full faith and credit guaranteed by federal law." Kremer, 456 U.S. at 481.
 
 
 11
 Here, the California appellate court specifically found that the sublease in question was governed by state law, and that the Urquharts "effectively voided the sublease by pursuing the unlawful detainer action" against ATC. Castle's federal complaint involved the same parties and cause of action as that asserted and finally adjudicated in state court.[1] Castle does not contend the state proceedings failed to meet minimum procedural requirements. See Kremer, 465 U.S. at 481. In addition, the district court expressly found that Castle had a full and fair opportunity to litigate his claims in state court. Thus, Castle is barred from bringing this action in federal court, see Sanchez, 936 F.2d at 1035, and the district court did not abuse its discretion by dismissing his action prior to service of process, see Denton, 112 S.Ct. at 1734.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The fact that Castle named the California superior court as a defendant in his federal complaint in addition to the Urquharts does not change the fact that this complaint is barred by res judicata. Adding the state court as a defendant does not suffice to make this a new cause of action involving new defendants. See Sanchez, 936 F.2d at 1035