996 F.2d 1224
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marvin HARRIS, Plaintiff-Appellant,
v.
Augie LOPEZ, Defendant-Appellee.
 No. 93-15143.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided June 28, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marvin Harris, a California state prisoner, appeals pro se the district court's sua sponte dismissal of his 42 U.S.C. § 1983 action before service of process.[1] Harris alleged that prison officials improperly confiscated and destroyed his television set. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and we affirm.
 
 
 3
 In forma pauperis complaints that are frivolous may be dismissed before service of process under 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis in law or in fact." Id. at 325. An indigent plaintiff with an arguable claim is entitled to issuance and service of process. Lopez v. Department of Health Serv., 939 F.2d 881, 882 (9th Cir.1991) (per curiam).
 
 
 4
 Where the deprivation of property results from the unpredictable negligent acts of state agents, the availability of an adequate state postdeprivation remedy satisfies due process requirements. Parratt v. Taylor, 451 U.S. 527, 543-44 (1981) overruled on other grounds, Daniel v. Williams, 474 U.S. 327, 330-33 (1986); Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir.1989). State postdeprivation remedies have also been held sufficient for due process purposes in cases of intentional, unauthorized actions. See Hudson v. Palmer, 468 U.S. 517, 530-33 (1984); Taylor, 871 F.2d at 805. If the deprivation of property results from an "established state procedure," however, the availability of postdeprivation remedies is constitutionally inadequate. Logan v. Zimmerman Brush Co., 455 U.S. 422, 436 (1982).
 
 
 5
 In his complaint, Harris alleged that Lopez confiscated and destroyed his television set in violation of prison policy. Harris did not allege that his television was destroyed pursuant to an "established state procedure." Thus, a hearing prior to the taking and destruction of Harris's personal property was not required by the constitution. See Logan, 455 U.S. at 436. Because Harris's complaint alleged nothing more than "unpredictable negligent acts" or "intentional, unauthorized actions" of a state agent, the availability of postdeprivation state remedies was sufficient for due process purposes. See Palmer, 468 U.S. at 430-33; Parratt, 451 U.S. at 543-44; Taylor, 871 F.2d at 805. Harris did not, however, allege that he has an insufficient postdeprivation state remedy. Accordingly, Harris's claim is based on an "indisputably meritless legal theory," and the district court did not abuse its discretion by dismissing the claim as frivolous. See Neitzke 490 U.S. at 327.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Harris's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We construe the district court's dismissal before issuance and service of process as a dismissal under 28 U.S.C. § 1915(d). See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989)