**Joseph QUICK, Plaintiff-Appellant,**

v.

**Gary JONES, Defendant-Appellee.**

**No. 83-3921.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 3, 1984 *.

Decided May 28, 1985.**

---

* The panel unanimously finds this case suitable for disposition without oral argument. Fed.R. App.P. 34(a); Ninth Circuit Rule 3(f).

** Original opinion filed March 7, 1985.

Before SKOPIL and NELSON, Circuit Judges, and COYLE ***, District Judge.

NELSON, Circuit Judge:

Joseph Quick, a Washington state prisoner, appeals the district court's grant of summary judgment for Jones, the chairman of the prison disciplinary committee. The basic facts as set forth in Jones' motion for summary judgment and in the supporting exhibits are not in dispute. In reviewing a summary judgment against Quick, we view the materials in the light most favorable to him. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

Quick was on furlough from state prison in March 1982, when he was arrested for violation of the terms of his furlough. When his parole officer informed him that his furlough was suspended, Quick fled. A county sheriff, Anson, and a second parole officer, Erdahl, pursued Quick without identifying themselves as officers. During an ensuing scuffle, Erdahl's watch band was broken and Anson's glasses and clothing were damaged.

Once back at prison, Quick was charged with a major infraction under Wash.Admin. Code R. 275–88–030 (525) for violating conditions of furlough. He was found guilty in a disciplinary hearing conducted pursuant to chapter 275–88 of the Washington Administrative Code. In its infraction report, the three-person committee, chaired by Jones, stated that it based its finding of guilt on the furlough violation report filed by Quick's parole officer. In addition to imposing sanctions relating to the conditions of Quick's confinement, the disciplinary committee directed Quick to make restitution to Erdahl for $25 damage to his watch band and to Anson for $41 damage to his clothing and glasses. Quick appealed to the prison superintendent; the superintendent issued a memorandum affirming that Quick was guilty of the infraction, and stating that sanctions increasing custody and requiring a hearing before the Parole Board would stand. The superintendent's memorandum said nothing about restitution. Thereafter, as funds became available, prison personnel withdrew a total of

Joseph Quick, in pro per.

Carol A. Smith, Asst. Atty. Gen., Olympia, for defendant-appellee.

*** Honorable Robert E. Coyle, United States District Judge for the Eastern District of California, sitting by designation.

$66 from Quick's prison account and sent it to Erdahl and Anson.

Quick filed a pro se complaint in the district court under 42 U.S.C. § 1983. Quick alleged that "Mr. Gary Jones took it upon himself to order me to pay $66.00 in 'restitution' fees. I refused to pay it, and Mr. Gary Jones 'illegally' took the $66.00 off of my inmate account without my permission." Quick further alleged that "I was never afforded a 'due process' hearing as the law requires." Jones, represented by the state Attorney General, moved for summary judgment on the ground that the prison hearing and appeal constituted all the process due to Quick to support a disciplinary sanction. The district court entered summary judgment for Jones and also awarded Jones attorney's fees in the amount of $148.31, stating that Quick had seriously misrepresented the facts by claiming that he was not afforded a due process hearing and by claiming that Jones had "taken it upon himself" to order restitution. Quick timely filed this pro se appeal.

Summary judgment may be granted when the moving party shows not only that there is no genuine issue as to any material fact, but also that he is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Dosier v. Miami Valley Broadcasting Corp.*, 656 F.2d 1295, 1300 (9th Cir. 1981). Here, the district court erred in concluding that Jones was entitled to prevail as a matter of law.

■ There is no question that Quick's interest in the funds in his prison account is a protected property interest. *See, e.g., Orloff v. Cleland*, 708 F.2d 372, 378 (9th Cir.1983); *Hansen v. May*, 502 F.2d 728, 730 (9th Cir.1974). Once a protected interest is found, the court must then decide what process is due. This is a question of law. *Belnap v. Chang*, 707 F.2d 1100, 1102 (9th Cir.1983).

■ Quick argues on appeal that the permanent and final withdrawal of money from his prison account was punitive and was done in the absence of authority under the prison regulations and in violation of a state statute. Under Washington law, a court may order restitution *following a criminal conviction* for injury to or loss of property occurring during the commission

of a criminal offense. *See* Wash.Rev.Code Ann. § 9.94A.140. Thus restitution for injury occurring during a criminal offense can only be ordered by a court after a full criminal trial in which the defendant's constitutional due process rights are preserved. Alternately, private persons may seek recovery of damages or compensation from one causing them injury by means of a civil tort action. *Id.* § 9.94A.140(4).

Jones argues that the sanction of restitution is authorized by Wash.Admin.Code R. 275–88–105(2). That section provides that for serious infractions of institutional regulations, the disciplinary committee may order sanctions, including "[r]estitution for damage done to any property or loss of any property assigned to the resident. Funds may be withdrawn from the resident's account to make restitution under this rule: *Provided,* that a resident's account shall not be reduced to less than $10.00 under this subparagraph." *Id.* § 275–88–105(2)(k).

■ By deducting money from Quick's prison account, Jones and the prison committee, in the guise of an internal disciplinary sanction, transferred Quick's property to two private individuals, Erdahl and Anson. This was done without a determination of either civil or criminal responsibility. Restitution was ordered without a hearing on the issue of whether Quick is responsible for damage to Erdahl's watch band and Anson's glasses and clothing. On these facts, we conclude that summary judgment in favor of the defendant was improper. Quick has alleged a meritorious claim of deprivation of property without due process of law. *Cf. Sell v. Parratt,* 548 F.2d 753, 759 (8th Cir.), *cert. denied,* 434 U.S. 873, 98 S.Ct. 220, 54 L.Ed.2d 152 (1977) ("An administrative agency [i.e., the Department of Correctional Services] has no right without underlying statutory authority to prescribe and enforce forfeitures of property as punitive measures for violations of administrative rules and regulations, and ... when an agency does so, it violates the due process clause of the fourteenth amendment.").

This case is quite different from *Hudson v. Palmer,* —— U.S. ——, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), and *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). There, the Supreme Court held

that when a prison official deprives a prisoner of property in a "random and unauthorized" manner, due process is not violated if the State provides an adequate postdeprivation remedy. *Hudson,* —— U.S. at ——, 104 S.Ct. at 3203; *Parratt,* 451 U.S. at 541, 101 S.Ct. at 1916. The Court reasoned in *Hudson* that in such cases,

> when deprivations of property are effected through random and unauthorized conduct of a state employee, predeprivation procedures are simply 'impracticable' since the state cannot know when such deprivations will occur.... The State can no more anticipate and control in advance the random and unauthorized intentional conduct of its employees than it can anticipate similar negligent conduct.

—— U.S. at ——, 104 S.Ct. at 3203. Therefore, the court concluded, "postdeprivation procedures [may] satisfy due process because the State cannot possibly know in advance of a ... deprivation of property" under such circumstances. *Id.* —— U.S. at ——, 104 S.Ct. at 3204 (emphasis omitted).

Here, the prison officials' actions followed an administrative process that failed in not addressing Quick's responsibility for property damage. This was not the kind of "random and unauthorized conduct" at issue in *Parratt* and *Hudson,* and therefore, unlike in those two cases, here the state could have provided predeprivation processes. *See Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 435–36, 102 S.Ct. 1148, 1157–58, 71 L.Ed.2d 265 (1982) (*Parratt* doctrine inapplicable when challenge is to a systematic procedural deficiency or established state procedure).

■ We also conclude that the district court abused its discretion in awarding attorney's fees to the defendant. The court misinterpreted Quick's complaint as asserting that *no* hearing was provided. Rather, Quick alleged that he had not received a *due process* hearing. This allegation was neither a misrepresentation of the facts nor a "fabricat[ion of] key jurisdictional facts out of whole cloth," but was instead a fair statement of the central issue presented. Moreover, because the superintendent did not explicitly affirm the restitution sanc-

tion, it was not clear misrepresentation for Quick to allege that Jones had taken it upon himself to enforce that sanction.

We reverse the grant of summary judgment and the award of attorney's fees, and remand to the district court for further proceedings.

REVERSED and REMANDED.