953 F.2d 1386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nolan CHAMBERS, Plaintiff-Appellant,
v.
Samuel LEWIS, Defendant-Appellee.
 No. 91-15376.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 28, 1992.*
Decided Feb. 3, 1992.
 
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nolan Chambers, an Arizona state prisoner, appeals pro se the district court's sua sponte dismissal of his civil rights action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand for service of process.
 
 
 3
 We construe the district court's dismissal of Chamber's complaint prior to service of process as a dismissal pursuant to 28 U.S.C. § 1915(d). See Jackson v. Arizona, 885 F.2d 639, 640-41 (9th Cir.1989). An in forma pauperis complaint may be dismissed before service of process under 28 U.S.C. § 1915(d) if it is frivolous. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous if "it lacks an arguable basis in law or in fact." Id. at 325. In civil rights actions where the plaintiff appears pro se, the court must construe pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). A pro se plaintiff with an arguable claim is entitled to issuance and service of process, even if the complaint does not state a claim under Fed.R.Civ.P. 12(b)(6). Jackson, 885 F.2d at 640-41.
 
 
 4
 In his complaint, Chambers alleged that prison officials had been removing monies from his prison inmate account without due process as restitution for medical expenses incurred by the State to treat another inmate whom Chambers had assaulted. Specifically, Chambers alleged that the disciplinary hearing at which the order of restitution was imposed did not provide him with a meaningful opportunity to contest the amount of restitution or its imposition.
 
 
 5
 It is well settled that a prisoner has a constitutionally protected property interest in his prison inmate account. Quick v. Jones, 754 F.2d 1521, 1523 (9th Cir.1984). "Once a protected interest is found, the court must decide what process is due." Id. The district court never made this determination. Instead, the district court, relying on Hudson v. Palmer, 468 U.S. 517 (1984) and Parratt v. Taylor, 451 U.S. 527 (1981), found that Chambers had a meaningful post-deprivation remedy which precluded him from maintaining this action. As we observed in Quick, however, the rule set out in Hudson and Parratt applies only to allegations of random or unauthorized deprivations of property. Quick, 754 F.2d at 1524. Here, as in Quick, the allegation of unauthorized deprivation of protected property is based on administrative procedures, not on random unauthorized acts of individual prison officials. Cf. id. Thus, the district court erred by finding that, under Hudson and Parratt, it could not grant relief. See id.
 
 
 6
 Because Chambers's complaint states an arguable basis in law or fact, we vacate the district court's sua sponte dismissal with instructions that process be served. See Neitzke, 490 U.S. at 324; Jackson, 885 F.2d at 640.
 
 
 7
 VACATED and REMANDED with instructions.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Chambers's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3