967 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Pablo Jose Ramon MORALES, Plaintiff-Appellant,
v.
L. PATRICK, Correctional Officer, et al., Defendant-Appellee.
 No. 89-16671.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 17, 1992.*
Decided June 17, 1992.
 
 Before HUG, TANG and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pablo Morales appeals pro se the district court's grant of summary judgment in favor of Corrections Officer L. Patrick in Morales' 42 U.S.C. § 1983 action. The district court previously dismissed Morales' complaint against Officer T. Albury alleging that a confiscation of his radio violated his civil rights. We reverse and remand.
 
 
 3
 * Morales alleges that Albury took the radio cassette player for personal use by the staff. The officer had informed him that the radio was confiscated because Morales had more electrical appliances than regulations allowed and that the radio would be sent home. Before Albury could be served with Morales' complaint, the district court dismissed it because the court determined he had not stated a violation of 42 U.S.C. § 1983. Before a court dismisses a complaint prior to the issuance of a summons or service, it must be clear that the court lacks jurisdiction or that the claim is 'wholly insubstantial.' " Franklin v. Oregon, 662 F.2d 1337, 1343 (9th Cir.1981) (quoting Hagans v. Lavine, 415 U.S. 528, 536 (1974)). Dismissal prior to process denies a plaintiff the ordinary opportunity to amend his complaint based on the defendant's response so that he can meaningfully clarify his factual allegations. Neitzke v. Williams, 490 U.S. 319, 329-30 (1989). "This adversarial process also crystallizes the pertinent issues and facilitates appellate review by creating a more complete record of the case." Id. at 330.
 
 
 4
 It does not appear certain that Morales cannot state a federal claim against Albury. He complains that Albury took a radio from him and supposedly sent it "home." The district court held that the taking of Morales' radio cannot provide a federal cause of action because it was "random and unauthorized" and that the state's tort remedies would ensure the inmate's procedural due process.
 
 
 5
 As a prisoner, Morales cannot complain about the initial taking of his property. See Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir.), cert. denied, 493 U.S. 868 (1989). In this case, however, Morales complains that his radio was sent home when he has no home other than prison. Morales has alleged that the deprivation was made pursuant to established prison procedures for sending away confiscated property and based on regulations limiting the number of appliances he could possess. He therefore has a claim against Albury. See Quick v. Jones, 754 F.2d 1521, 1523-1524 (9th Cir.1985) (deprivation of prisoner's property purportedly made pursuant to prison procedure, but which was in fact unauthorized, gave rise to federal cause of action). We remand to the district court so that process can be served.
 
 II
 
 6
 On January 30, 1988, Correctional Officer Patrick confiscated Morales' television set because he believed it belonged to an inmate who had been paroled. Property left behind by parolees is considered contraband under California Department of Corrections regulations. Morales filed an administrative appeal requesting return of his television and a receipt for the item seized.
 
 
 7
 Although he filed an internal appeal, Morales harassed Patrick about the television. Consequently, Patrick filled out a disciplinary form called a "Custodial Counseling Chrono" where Patrick documented Morales' behavior. No disciplinary action was taken against Morales based on the "Chrono" although Morales complains that it was filed in retaliation for his internal appeal. Ultimately, Morales partially succeeded in his Department of Corrections appeal as a replacement television was provided.
 
 
 8
 The fact that the original television was replaced does not moot Morales' claim for property without procedural due process. He can at least recover nominal damages. See Carey v. Piphus, 435 U.S. 247, 266-67 (1978).[1] Moreover, the state's argument that the disciplinary notice was to serve as a receipt for the confiscated television is of dubious credibility at best. Morales has stated legitimate claims against Patrick.
 
 
 9
 Nevertheless, the district court could certainly have granted summary judgment against Morales under Fed.R.Civ.P. 56. The court could do so, however, only after properly instructing him that he was required to submit responsive papers to fend against summary judgment. "District courts are obligated to advise prisoner pro per litigants of Rule 56 requirements." Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988). There is no indication that Morales, as a pro se prisoner, was informed of the summary judgment procedures prior to the grant of the defendant's motion for summary judgment. Consequently, the district court may have prematurely granted summary judgment against him because Morales may have submitted a response that could have strengthened his claim. On remand, the district court should properly inform Morales what is required from him when the state has moved for summary judgment.
 
 
 10
 REVERSED and REMANDED.
 
 
 11
 HUG, Circuit Judge, Dissenting.
 
 
 12
 I respectfully dissent and would affirm the judgment for the reasons expressed by the district court.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Again, Morales cannot complain about the initial taking of his property while in prison. Instead, his cause of action arises from the allegation that the property was taken pursuant to prison policy not for the purpose of storing it in safekeeping for Morales but with the intent to deprive Morales of it permanently