978 F.2d 1266
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harold John ROLLEY, Plaintiff-Appellant,
v.
Samuel LEWIS, et al., Defendants-Appellees.
 No. 92-15836.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 10, 1992.
 
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Harold John Rolley, an Arizona state prisoner, appeals pro se the district court's sua sponte dismissal of his 42 U.S.C. § 1983 action alleging that the prison official defendants deprived him of his personal property without due process or compensation. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand for service of process.
 
 
 3
 We review the district court's sua sponte dismissal of an action prior to service of process for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). An in forma pauperis complaint may be dismissed before service of process under 28 U.S.C. § 1915(d) if it is frivolous. Neitzke v. Williams, 490 U.S. 319, 324 (1989); Jackson v. Arizona, 885 F.2d 639, 640-41 (9th Cir.1989). A complaint is frivolous if "it lacks an arguable basis in law or in fact." Neitzke, 490 U.S. at 325. In civil rights actions where the plaintiff appears pro se, the court must construe pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). A pro se plaintiff with an arguable claim is entitled to issuance and service of process, even if the complaint does not state a claim under Fed.R.Civ.P. 12(b)(6). Denton, 112 S.Ct. at 1733; Jackson, 885 F.2d at 640-41.
 
 
 4
 In his complaint, Rolley alleged that Arizona Prison Policy section 301.17 IMP, covering "Inmate Personal Property Policy," is unconstitutional, depriving him of property without due process, and that the policy violates Ariz.Rev.Stat. § 31-228(A).[1] Rolley sought damages and declaratory relief.
 
 
 5
 Generally, the negligent or the unauthorized and intentional deprivation of property by prison officials does not state a cognizable cause of action under section 1983 if the prisoner has an adequate post-deprivation state remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). Here, however, Rolley contends that he was deprived of property pursuant to an unconstitutional prison regulation. See id. Thus, the complaint challenges the intentional and authorized deprivation of property and may state a claim despite the availability of an adequate remedy under Ariz.Rev.Stat. §§ 12-821 et seq.[2] See, e.g., Quick v. Jones, 754 F.2d 1521, 1523-24 (9th Cir.1985). Accordingly, because his complaint has an arguable basis in law and fact, we vacate the district court's sua sponte dismissal for service of process. See Neitzke, 490 U.S. at 324, 330 (allowing service of process "crystalizes the pertient issues and facilitates appellate review by creating a more complete record of the case"); Jackson, 885 F.2d at 640-41.
 
 
 6
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In Blum v. Arizona, 829 F.2d 1247, 1249-50 (Ariz.Ct.App.1992), the court upheld a lower court decision finding that section 301.17, which authorized prison officials to limit and confiscate prisoner property and allowed for the disposal of such property, violated Ariz.Rev.Stat. § 31-228(A), which requires prison officials to return all property taken upon commitment or thereafter received by the prisoner
 
 
 [2]
 We make no assertions as to the merits of Rolley's claim. See Turner v. Safley, 482 U.S. 78, 89-90 (1987) (reviewing prison regulations under test of whether the regulation is reasonably related to a valid penological interest)