988 F.2d 126
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael VANDERHOOK, Plaintiff-Appellant,
v.
Charles COLEMAN, Lieutenant, ASPC, Tucson; Samuel Lewis,
Director, ADOC, Defendants-Appellees.
 No. 91-16272.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 22, 1993.
 
 Appeal from the United States District Court for the District of Arizona, No. CV-91-00155-RMB; Richard M. Bilby, Chief Judge, Presiding.
 D.Ariz.
 VACATED AND REMANDED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Vanderhook, an Arizona state prisoner, appeals pro se the district court's dismissal of his action as frivolous pursuant to 28 U.S.C. § 1915(d). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). We vacate and remand for issuance and service of process.
 
 
 3
 Frivolous in forma pauperis complaints may be dismissed sua sponte before service of process under 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 321, 324 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or fact." Id. at 325. In civil rights actions where the plaintiff appears pro se, the court must construe pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). A pro se plaintiff with an arguable claim is entitled to issuance and service of process. Denton, 112 S.Ct. at 1733; Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989).
 
 
 4
 To state a section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).
 
 
 5
 Here, Vanderhook alleged in his complaint that defendant Coleman seized his ring and gave it to another inmate without giving Vanderhook an opportunity to contest the other inmate's claim to the ring. Vanderhook contends that his property was disposed of pursuant to Department of Corrections Policy and thus the deprivation was authorized. Vanderhook contends that he was entitled to notice and a hearing before the disposition of the property, and that the failure to provide him with such violated his right to due process.
 
 
 6
 Generally, the negligent or intentional unauthorized deprivation of property by prison officials does not state a cognizable cause of action under section 1983 if the prisoner has an adequate post-deprivation state remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt, 451 U.S. at 544; Ariz.Rev.Stat.Ann. §§ 12-821 et seq. Here, however, Vanderhook challenges the authorized deprivation of his property pursuant to Arizona Department of Corrections Policy No. 301.17.5.9.4, and contends that this prison policy violates due process.[1] This claim has an arguable basis in law. See Quick v. Jones, 754 F.2d 1521, 1523-24 (9th Cir.1984); see also Blum v. Arizona, 829 P.2d 1247, 1251 (Ariz.Ct.App.1992) (holding that Policy No. 301.17 violates Ariz.Rev.Stat.Ann. § 31-228). Accordingly, we vacate the dismissal of the action and remand for issuance and service of process. See Jackson, 885 F.2d at 640-41.
 
 
 7
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Policy No. 301.17.5.9.4 of the Arizona Department of Corrections provides:
 If an inmate is found in possession of any ... personal property other than commissary item(s) not registered to him and which does not contain his ADC number, or for which there is no photocopy of the item on file and for which the inmate cannot provide proof of ownership, disciplinary action shall be taken and the unauthorized property shall be seized and disposed of as unclaimed property following reasonable efforts to locate the owner.