9 F.3d 1552
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marshall MARTINEZ, Plaintiff-Appellant,
v.
George SUMNER, Director of Safety, State of Hawaii, in his
individual and official capacity; et al.,
Defendants-Appellees.
 No. 93-15192.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1993.*
Decided Nov. 8, 1993.
 
 Before: SCHROEDER, D. W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marshall Martinez, a Hawaii state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1915(d) on the ground the action was frivolous. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and affirm.
 
 
 3
 To state a section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or federal law. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). In his complaint, Martinez alleged that defendants violated (1) his right to due process under the fifth and fourteenth amendments, (2) the eighth amendment's prohibition against cruel and unusual punishment, and (3) his first amendment right of access to the courts. Martinez's claims all arose out of defendants' refusal to provide him access to money he has earned while in prison and which is held by defendants in an inmate trust account.
 
 
 4
 * "There is no question that [Martinez]'s interest in the funds in his prison account is a protected property interest." Quick v. Jones, 754 F.2d 1521, 1523 (9th Cir.1985). This does not mean, however, that Martinez has unlimited access to those funds. See Pell v. Procunier, 417 U.S. 817, 822 (1974) (stating that "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system" (quotations omitted, alteration in original)). "Protected property interests are 'created and their dimensions are defined by existing rules or understandings that stem from an independent source, such as state law--rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.' " Tellis v. Godinez, No. 91-16296, slip op. 10873, 10876-77 (9th Cir. Sept. 28, 1993) (quoting Board of Regents v. Roth, 408 U.S. 564, 577 (1972)).
 
 
 5
 In Hawaii, the Department of Corrections is authorized by law to maintain trust accounts for individual prisoners. See Haw.Rev.Stat.Ann. § 353-20. Hawaii law further provides that "[t]he [D]epartment [of Corrections] shall allow any committed person under its direction to draw from funds in the committed person's account such amounts and for such purpose as it may deem proper." Id. § 353-21 (emphasis added). The Department of Corrections maintains two types of inmate trust accounts: a "spendable" account and a "restricted" account. See Haw.Dep't of Corrections Policy # 2.02.51. Inmates generally may withdraw money from their "spendable" accounts to purchase items such as store provisions. Inmates are not allowed access to their "restricted" accounts, however, except in emergency situations or upon release on parole. See id.
 
 
 6
 Here, Martinez sought access to the money in his restricted account. We agree with the district court that, under section 353-21, the decision whether to allow Martinez to withdraw this money was within the discretion of defendants. Martinez's reliance on section 353-22 is misplaced because defendants are not withholding his money as a result of any cause or claim against him. See Haw.Rev.Stat.Ann. § 353-22. Martinez's reliance on State v. Murray also is of no avail. See 621 P.2d 334, 341 (Haw.1980) (recognizing legislative policy that prisoners have vested right to money they become entitled to while incarcerated). Defendants have not divested Martinez of his right to the money in his restricted account. He will receive the money upon his release from prison.
 
 
 7
 We conclude that Martinez's due process claim lacks an arguable basis in law or fact. Thus, the district court did not err by dismissing this claim as frivolous. See Neitzke v. Williams, 490 U.S. 319, 325 (1989) (a complaint is frivolous "where it lacks an arguable basis either in law or in fact").
 
 II
 
 8
 Martinez alleged that defendants violated the eighth amendment's prohibition against cruel and unusual punishment by denying his request for money from his restricted account to purchase personal hygiene items. These items included shampoo, deodorant, and aftershave. Martinez also alleged that defendants violated his first amendment right of access to the courts.
 
 
 9
 Prison officials may violate the eighth amendment by failing to provide for prisoners' basic human needs. See Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982) ("[A]n institution's obligation under the eighth amendment is at an end if it furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety" (quotations omitted, alteration in original)). In addition, prisoners have a constitutional right of meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 828 (1977); Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989).
 
 
 10
 As we discussed above in section I, the decision whether to allow Martinez access to his restricted account was within the discretion of defendants. See Haw.Rev.Stat.Ann. § 353-21. Given the nature of the items Martinez requested (the hygiene items and the glaucoma pamphlet) and the fact that he could purchase these items with money from his "spendable" account, we conclude that Martinez's claims are frivolous. See Neitzke, 490 U.S. at 324. We also conclude that Martinez could not cure the deficiencies of these claims by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987). Therefore, the district court did not err by dismissing them.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3