57 F.3d 1077
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Larry B. HALL, Plaintiff-Appellant,
v.
Samuel L. LEWIS; J.C. Keeney; George Herman, Defendants-Appellees.
 No. 94-17068.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 8, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Larry B. Hall appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action as frivolous pursuant to 28 U.S.C. Sec. 1915(d). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we vacate and remand for further proceedings.
 
 
 3
 We review the district court's sua sponte dismissal prior to service of process for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). An in forma pauperis complaint may be dismissed before service of process under 28 U.S.C. Sec. 1915(d) if it is frivolous. Neitzke v. Williams, 490 U.S. 319, 324 (1989); Jackson v. Arizona, 885 F.2d 639, 640-41 (9th Cir.1989). A complaint is frivolous if "it lacks an arguable basis in law or in fact." Neitzke, 490 U.S. at 325. Unless it is absolutely clear that no amendment can cure the defect, a pro se litigant proceeding in forma pauperis is entitled to notice and an opportunity to amend the complaint before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir.1984). This is especially true for the plaintiff proceeding pro se, who "may be less capable of formulating legally competent initial pleadings." Neitzke, 490 U.S. at 330.
 
 
 4
 Hall alleged in his complaint that prison officials seized and retained his wrist watch without giving him the opportunity to contest the seizure in a forfeiture hearing. Hall appears to contend that the seizure of his property was intentional, authorized, and conducted pursuant to established prison procedure. Hall claims that the failure to provide him with a forfeiture hearing violated his right to due process.
 
 
 5
 The district court found that because Hall had a state tort remedy under Ariz.Rev.Stat. Sec. 12-821 et. seq., a federal claim under the Fourteenth Amendment was foreclosed under Hudson v. Palmer, 468 U.S. 517, 533 (1984), and Parratt v. Taylor, 451 U.S. 527, 540-41 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Generally, the negligent or intentional unauthorized deprivation of property by prison officials does not state a cognizable cause of action under section 1983 if the prisoner has an adequate post-deprivation state remedy. Hudson, 468 U.S. at 533; Taylor v. Knapp, 871 F.2d 803, 805-06 (9th Cir.1989), cert. denied, 493 U.S. 868 (1989).
 
 
 6
 Here, however, Hall challenges the intentional and authorized deprivation of his property, and may state a claim despite the availability of an adequate remedy under Arizona law. See, e.g., Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982) (holding that state tort remedy does not bar due process claim where plaintiff is challenging an established state procedure); Piatt v. MacDougall, 773 F.2d 1032, 1036 (9th Cir.1985) (holding Parratt doctrine inapplicable to cases involving "deliberate, considered, planned or prescribed conduct by state officials"); Quick v. Jones, 754 F.2d 1521, 1523-24 (9th Cir.1985) (noting that where deprivation of property is not random and unauthorized, state could provide predeprivation processes).
 
 
 7
 Accordingly, because Hall's claim has an arguable basis in law and fact, we vacate the dismissal of the action and remand so Hall may be afforded the opportunity to amend his complaint to state whether the deprivation of his watch was authorized pursuant to prison policy. See Neitzke, 490 U.S. at 324; Jackson, 885 F.2d at 640-41.[1]
 
 
 8
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court correctly disregarded Hall's Fourth Amendment claim. Regardless of any evidence Hall might produce, the facts he alleged could not state a claim under the Fourth Amendment. See Hudson, 468 U.S. at 528 n. 8 (noting that "[p]rison officials must be free to seize from cells any articles which, in their view, disserve legitimate institutional interests."); Taylor v. Knapp, 871 F.2d at 806 ("[T]he fourth amendment does not protect an inmate from the seizure and destruction of his property.")