**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Perry Watford, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2015-000379

———————

Appeal From The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

———————

Unpublished Opinion No. 2017-UP-198
Submitted February 1, 2017 – Filed May 11, 2017

———————

**REVERSED AND REMANDED**

———————

Perry Watford, pro se.

Christina Catoe Bigelow and Shanika Kenyetta Johnson, both of the South Carolina Department of Corrections, of Columbia, for Respondent.

———————

**PER CURIAM:** Perry Watford appeals an order from the Administrative Law Court (ALC) arguing the ALC erred in dismissing his appeal from the South Carolina Department of Corrections (SCDC). Watford argues the ALC violated his constitutional rights and SCDC policy number GA. 01.12 section 13.3. We

reverse[1] the ALC's dismissal of Watford's appeal and remand for a hearing on the merits.

After Watford was caught stealing five sausages from the SCDC cafeteria he agreed to the following sanctions by signing an administrative resolution document: a ninety-day restriction of canteen, visitation, and telephone; a five-day cell restriction; and a twenty-day failure to earn good time. Subsequently, Watford filed a Step 1 Grievance alleging an SCDC officer fraudulently altered his administrative resolution document twenty-seven hours after the document had been signed to add a restitution fee of $9.76. Watford asserted he had a signed copy of the document without a restitution fee, which proved the restitution sanction had been fraudulently added to his sheet. When SCDC denied his Step 1 grievance, Watford filed a Step 2 Grievance, which SCDC also denied. Watford then appealed to the ALC. The ALC summarily dismissed Watford's appeal finding there was no state-created liberty or property interest.

Although we believe the specific issues Watford raised on appeal were not well articulated, in broadly construing his appeal, we find the ALC erred in summarily dismissing Watford's appeal of his grievance because his grievance implicated a state-created property interest—his inmate property account. *See Al-Shabazz v. State*, 338 S.C. 354, 369, 527 S.E.2d 742, 750 (2000) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." (quoting *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972))). Although no South Carolina case has addressed this issue, federal courts have consistently found that inmates have a property interest in their inmate accounts. *See, e.g., Campbell v. Miller*, 787 F.2d 217, 222 (7th Cir. 1986) ("It is beyond dispute that Campbell has a property interest in the funds on deposit in his prison account."); *Quick v. Jones*, 754 F.2d 1521, 1523 (9th Cir. 1985) ("There is no question that Quick's interest in the funds in his prison account is a protected property interest."); *Jensen v. Klecker*, 648 F.2d 1179, 1183 (8th Cir. 1981) (stating inmates "obviously have a property interest in the funds on deposit in their inmate accounts"). Thus, we find Watford was deprived of a property interest. Because a property interest was involved, Watford was entitled to a determination of what process should have been afforded to him. *Quick*, 754 F.2d at 1523 ("Once a protected interest is found, the court must then decide what process is due. This is a question of law."). Accordingly, we find the ALC erred when it did not afford Watford the opportunity of a hearing to determine whether his due process rights were violated.

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

*See Kiawah Dev. Partners, II v. S.C. Dep't of Health & Envtl. Control*, 411 S.C. 16, 28, 766 S.E.2d 707, 715 (2014) ("[T]he Court may reverse the decision of the ALC where it is in violation of a statutory provision or it is affected by an error of law.").  Thus, we reverse and remand to the ALC for a hearing on the merits.

**REVERSED AND REMANDED.**

**LOCKEMY, C.J., and GEATHERS and MCDONALD, JJ., concur.**