BLD-022                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2309
_____

QUINTEZ TALLEY,
                                        Appellant

v.

TIMOTHY MAZZOCCA; JOHN WETZEL; LT. MORRIS; CAPTAIN SHREDDER;
ATTORNEY GENERAL OFFICE; PA DEPARTMENT OF CORRECTIONS; JOSHUA
GLESSNER; DANIEL MOSES; ROBERT SMITH; GERALD CRISWELL; DEAN
BOWMAN; THOMAS SUCHTA; RONALD HAGG; DUSTIN POPE; TAMMY
FERGUSON; RODNEY CHISM; ROBERT WILLIAMSON; DAVID LINK; KEVIN
MCELWAIN; MICHAEL WORSTELL; MICHAEL LEFEBYRE; KELI M. NEARY;
JOSH SHAPIRO; DR. PILLAI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-00161)
District Judge:  Honorable Nora B. Fischer
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 24, 2019

Before:  AMBRO, GREENAWAY, Jr., and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  November 27, 2019)

OPINION[*]

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Quintez Talley, proceeding pro se, filed a civil rights action against 24 defendants, including employees of the Pennsylvania Department of Corrections ("DOC") and the Pennsylvania Attorney General's Office. For the reasons stated below, we will affirm the judgment of the District Court against him.

This appeal stems from three related lawsuits. On December 15, 2016, in the first related lawsuit, Talley entered into a confidential settlement agreement with the DOC, whereby he was paid $15,000. Later, in a second related lawsuit against DOC officials and others, Talley was granted leave to proceed *in forma pauperis* ("IFP"). Talley v. Pillai, No. 2:18-cv-1060 (W.D. Pa. Nov. 4, 2018). The DOC defendants filed a motion to revoke Talley's IFP status because he had previously and recently received payment from the settlement agreement. Attached to that motion was Talley's inmate account information, including a full history of his spending. The defendants' motion was denied and Talley retained IFP status.

In the suit at issue here—the third related lawsuit—Talley alleged that the DOC and Attorney General's Office violated his constitutional rights by referencing passages from the settlement agreement and attaching his inmate account information in their motion to revoke his IFP status. Specifically, he alleged violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act and the First, Fourth, Fifth, and Fourteenth Amendments. The District Court dismissed all claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2). We will address each in turn.

2

We have jurisdiction under 28 U.S.C. § 1291. We construe Talley's pro se complaint liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and we may summarily affirm "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Talley's RICO claim fails because he lacks standing. The RICO statute creates a cause of action for "[a]ny person injured in his business or property" through a "pattern of racketeering activity." 18 U.S.C. §§ 1962(c), 1964(c). Therefore, to establish standing, the plaintiff must show, among other things, that he suffered an injury to his business or property. Maio v. Aetna, 221 F.3d 472, 483 (3d Cir. 2000). The injury must be a "concrete financial loss." Id. (internal citation omitted). Talley can show no such loss. In fact, he maintained his IFP status after the defendants' motion was denied. Because he fails on this threshold matter, the claim was rightly dismissed.

Talley purports to make a First Amendment claim, stating only that the defendants "gain[ed] for themselves an unfair advantage" by obtaining and using the settlement agreement and Talley's account information. Talley bears the burden of showing that his claim rests on conduct that is expressive and that the First Amendment applies to it. Clark v. Cmty. for Creative Non–Violence, 468 U.S. 288, 293 n.5 (1984). The District Court correctly stated that Talley "has alleged no facts that would support a First Amendment claim" as Talley has been neither compelled to speak nor restrained from speaking in any conceivable manner. To the extent that Talley challenges the content of

3

the government's motion to revoke his IFP status, the First Amendment is not implicated.

See Pleasant Grove City, Utah v. Summum, 555 U.S. 460, 467 (2009) (stating that the

First Amendment "does not regulate government speech").

The Fourth Amendment is violated when the state conducts an unreasonable

search or seizure that infringes on a reasonable expectation of privacy. Katz v. United

States, 389 U.S. 347, 351 (1967) (Harlan, J., concurring). We are unaware of any

precedent suggesting that the use of financial information maintained by the government

for a prisoner constitutes a "search" for Fourth Amendment purposes. In any event,

Congress requires prisoners to provide their account statements when moving for IFP

status to ensure the allegations of poverty are true. See 28 U.S.C. § 1915(a)(2). Talley

voluntarily put his finances at issue and reasonably should have expected that his

allegations would be investigated. Talley's settlement agreement was also not subject to

a "search" because, as the District Court rightly pointed out, Talley made the document

publicly available by attaching it to a previous complaint filed eight months prior. See

Talley v. Wetzel, No. 18-cv-0476 (W.D. Pa. Apr. 13, 2018).

To succeed on a Takings claim under the Fifth Amendment, a "legally cognizable

property interest" must be affected by government action. Newark Cab Ass'n v. City of

Newark, 901 F.3d 146, 151 (3d Cir. 2018). While it is true that Talley has a property

interest in the funds in the account, see Quick v. Jones, 754 F.2d 1521, 1523 (9th Cir.

1985), Talley has no property interest in information about his prison account. See

Kimberlin v. United States Dep't of Justice, 788 F.2d 434, 438-39 (7th Cir. 1986)

4

(refusing to find a deprivation of property where a parole officer revealed an inmate's account information because the inmate "still had full access to and use of all the funds in his account"). There are no allegations that the Talley was restricted from accessing his funds; he complained only that the defendants used information about his inmate account. No cognizable property interests were affected.

Talley's Fourteenth Amendment claims fail for the same reason. To succeed, Talley needed some life, liberty, or property interest in the account information or settlement agreement. See Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006); Nicholas v. Pa. State Univ., 227 F.3d 133, 139-40 (3d Cir. 2000). As discussed above, Talley does not have a protected property interest, and there is no life or liberty interest at stake, either. Indeed, Talley's claims are also "far afield" of the types of privacy interests protected by the Fourteenth Amendment. See Paul v. Davis, 424 U.S. 693, 713-14 (1976) (stating the limited category of Fourteenth Amendment privacy rights—"matters relating to marriage, procreation, contraception, family relationships, and child rearing and education"). While the Fourteenth Amendment does protect an individual from the disclosure of personal information, it is limited by an "individual's reasonable expectations of confidentiality." Malleus v. George, 641 F.3d 560, 564 (3d Cir. 2011) (quotations omitted). By moving for IFP status, Talley's expectation of

5

confidentiality, if any existed, was forfeited.[1]  See 28 U.S.C. § 1915(a)(2) (requiring a

prisoner to submit inmate account information when moving for IFP status).

Accordingly, because this appeal presents no substantial question, we will affirm

the judgment of the District Court.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[1] Because the District Court properly dismissed all federal claims, its refusal to exercise
supplemental jurisdiction over Talley's state-law claims constituted a proper exercise of
its discretion.  28 U.S.C. § 1367(c).  The District Court also denied Talley leave to amend
his complaint, noting that any amendment would be futile.  See Grayson v. Mayview
State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  We agree.