# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

James Millholland, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2020-000521

———

Appeal From The Administrative Law Court
Ralph King Anderson, III, Administrative Law Judge

———

Opinion No. 5909
Submitted May 12, 2022 – Filed May 25, 2022

———

## REVERSED AND REMANDED

———

James Millholland, pro se.

Kensey Evans, of South Carolina Department of
Corrections, of Columbia, for Respondent.

———

**PER CURIAM:**  James Millholland appeals an order from the Administrative
Law Court (ALC) arguing the ALC erred in dismissing his appeal from the South
Carolina Department of Corrections (SCDC).  Millholland argues SCDC violated
his right to due process when it automatically charged him a $250 processing fee
for the collection of his DNA pursuant to the South Carolina DNA Identification
Record Database Act[1] (the DNA Act) when he had already submitted a DNA

---

[1] S.C. Code Ann. §§ 23-3-600 to -700 (2007 & Supp. 2021).

sample following a previous conviction.  We reverse the ALC's dismissal of Millholland's appeal and remand for a hearing on the merits.

In 2016, Millholland was sentenced to nine years' imprisonment for manufacturing methamphetamine.  Pursuant to the DNA Act, SCDC charged Millholland a $250 DNA-sample processing fee, which it deducted from Millholland's inmate trust account.  Millholland asserts that he previously gave a DNA sample pursuant to the DNA Act as a condition of his probation served for a previous offense, and therefore, he contends SCDC should not have automatically applied a second $250 fee.  He filed a Step 1 grievance asserting these claims, and when SCDC denied it, he filed a Step 2 grievance arguing SCDC had violated his Fifth Amendment rights.  SCDC also denied the Step 2 grievance, and Millholland appealed to the ALC.  The ALC summarily dismissed the appeal, finding it lacked subject matter jurisdiction because Millholland's claim did not implicate a state-created liberty or property interest.

Although we believe the specific issue Millholland raises on appeal was not well articulated, in broadly construing his arguments, we find the ALC erred in summarily dismissing Millholland's appeal because his grievance implicated a protected property interest—his inmate trust account.  *See Al-Shabazz v. State*, 338 S.C. 354, 369, 527 S.E.2d 742, 750 (2000) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." (quoting *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972))).  Although no South Carolina case has addressed this issue, federal courts have consistently found that inmates have a property interest in their inmate accounts.  *See, e.g.*, *Campbell v. Miller*, 787 F.2d 217, 222 (7th Cir. 1986) ("It is beyond dispute that Campbell has a property interest in the funds on deposit in his prison account."); *Quick v. Jones*, 754 F.2d 1521, 1523 (9th Cir. 1985) ("There is no question that Quick's interest in the funds in his prison account is a protected property interest."); *Jensen v. Klecker*, 648 F.2d 1179, 1183 (8th Cir. 1981) (stating inmates "obviously have a property interest in the funds on deposit in their inmate accounts").  Thus, we find Millholland's appeal implicated a protected property interest, and the ALC erred in finding it did not have subject matter jurisdiction to hear the appeal.  *See Furtick v. S.C. Dep't of Corr.*, 374 S.C. 334, 340, 649 S.E.2d 35, 38 (2007) ("[T]he ALC has jurisdiction over **all** inmate grievance appeals that have been properly filed; the ALC, however, is not required to hold a hearing in every matter."), *abrogated on other grounds by Howard v. S.C. Dep't of Corr.*, 399 S.C. 618, 733 S.E.2d 211 (2012); *Slezak v. S.C. Dep't of Corr.*, 361 S.C. 327, 331, 605 S.E.2d 506, 508 (2004) (holding summary dismissal is appropriate "where the inmate's grievance does not implicate

a state-created liberty or property interest"); *Quick*, 754 F.2d at 1523 ("Once a protected interest is found, the court must then decide what process is due.  This is a question of law.").  Accordingly, we find the ALC erred in failing to hold a hearing to determine whether Millholland's due process rights were violated.  *See Kiawah Dev. Partners, II v. S.C. Dep't of Health & Envtl. Control*, 411 S.C. 16, 28, 766 S.E.2d 707, 715 (2014) ("[T]he Court may reverse the decision of the ALC where it is in violation of a statutory provision or it is affected by an error of law.").  Thus, we reverse and remand to the ALC for a hearing on the merits.

**REVERSED AND REMANDED.**[2]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.