**James F. TAYLOR, et al.,
Plaintiff–Appellant,
v.
Mace KNAPP, et al.,
Defendants–Appellees.**

No. 87–2510.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 18, 1988.*

Decided March 21, 1989.

Concurring Opinion March 30, 1989.

---

\* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

James F. Taylor, Carson City, Nev., in pro. per.

John H. Cary, Deputy Atty. Gen., Carson City, Nev., for defendants-appellees.

Before GOODWIN, Chief Judge, SNEED and HUG, Circuit Judges.

GOODWIN, Chief Judge:

James Taylor appeals the grant of summary judgment against him in his 42 U.S.C. § 1983 civil rights action. We affirm.

The Lifers Club, Inc., is a nonprofit, nonstock corporation formed by five prison inmates of the Nevada State Prison at Carson City, Nevada, allegedly as a service organization for fellow inmates. Taylor alleges in his complaint that various prison officials unlawfully seized and converted money and assets belonging to the Lifers Club for their own personal use. Taylor alleges that he is an officer of the corporation, but he sued as an individual plaintiff.

The district court granted summary judgment because the claims were based on allegedly unauthorized, random acts of state agents, and the state of Nevada provided an adequate postdeprivation remedy for such torts. The court held that federal

relief was barred by *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), and its progeny. The court also concluded that Taylor, who is not an attorney, could not represent the interests of the Lifers Club, and that the corporation could not appear pro se.

Eight days after summary judgment was entered, Taylor filed a motion for relief from judgment. His motion was denied. Within three days of the denial, and two months after the entry of summary judgment, Taylor filed a motion to proceed on appeal in forma pauperis; two months after that, he requested leave to file a late notice of appeal. Rather than act on the latter request, the district court treated the second motion as a notice of appeal. Taylor now attempts to appeal the summary judgment rendered against him, as well as the order denying his request for relief.

### I. Jurisdiction

■ Taylor's constructive notice of appeal[1], though timely as to the denial of his motion for relief from judgment, was filed over four months after the entry of summary judgment. Because he labeled his motion for relief from judgment as a Rule 60 motion, we must address the issue of this court's jurisdiction over his appeal of the summary judgment.

In general, an appeal from a denial of a request for relief from judgment under Federal Rule 60 brings up for review only that denial and not the underlying judgment. *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978). To preserve an appeal of the underlying judgment, it is necessary to file a notice of appeal within thirty days of the entry of that judgment. Fed.R.App.P. 4(a)(1). In contrast, the filing of a Rule 59 motion tolls the time for appealing the underlying judgment. *See* Fed.R.App.P. 4(a)(4). Hence both the underlying judgment and the denial of the request for relief may be appealed anytime up to thirty days after the denial of the request for relief. *See id.*

A motion for reconsideration of summary judgment is appropriately brought under either Federal Rule 59(e) or Federal Rule 60(b). *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir.1985). The fact that Taylor labeled his motion as a Rule 60 motion is not dispositive. A motion filed within the ten-day period set by Federal Rule 59 may be construed as a Rule 59 motion though labeled according to another federal rule, *see Whittaker v. Whittaker Corp.* 639 F.2d 516, 520 (9th Cir.), *cert. denied*, 454 U.S. 1031, 102 S.Ct. 566, 70 L.Ed.2d 473 (1981) (motion labeled Rule 54(d) motion construed as Rule 59(e) motion); to a local rule, *see Bestran Corp. v. Eagle Comtronics, Inc.*, 720 F.2d 1019 (9th Cir.1983); or not labeled at all, *see Sierra On–Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1419 (9th Cir.1984).

Taylor filed his motion only eight days after the entry of summary judgment. We therefore may construe his motion for relief as a Rule 59(e) motion and review the underlying summary judgment.

### II. Merits

■ Because Taylor presented no arguments in his motion for relief from judgment that had not already been raised in opposition to summary judgment, the trial court properly denied his motion. *See Backlund v. Barnhart, supra*, at 1388. We therefore focus on Taylor's appeal from the summary judgment entered against him.

■ In *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), the Court held that where a deprivation of property resulted from the unpredictable negligent acts of state agents, the availability of an adequate state postdeprivation remedy satisfied the requirement of due process. In such a case, a predeprivation hearing would not have been possible. Postdeprivation remedies have also been held sufficient for due process purposes in cases of intentional, unauthorized actions. *See Hudson v. Palmer*, 468 U.S. 517, 530–

---

**1.** The district court properly treated Taylor's motion to proceed on appeal in forma pauperis as a notice of appeal because as a pro se litigant, Taylor's motion, which evinced an intent to appeal, was entitled to a liberal construction. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1330 (9th Cir.1986); *Feistman v. Commissioner of Internal Revenue*, 587 F.2d 941 (9th Cir.1978).

33, 104 S.Ct. 3194, 3202–04, 82 L.Ed.2d 393 (1984). Taylor alleges an intentional but unauthorized confiscation of corporate assets.

It is not contested that a state postdeprivation remedy for the recovery of property existed in this case. Taylor argues, however, that his complaint advances an independent fourth amendment claim. He argues that the seizure violated both his corporation's and his own fourth amendment rights. To the extent that the complaint advances a fourth amendment claim, Taylor correctly notes that *Parratt* does not apply. *See Mann v. City of Tucson, Dep't of Police*, 782 F.2d 790, 792 (9th Cir.1986) ("*Parratt* rational does not apply to a denial of substantive due process"); *Robins v. Harum*, 773 F.2d 1004, 1009 (9th Cir.1985) (*Parratt* analysis not applicable to claim for excessive force brought under fourth amendment); *see also Wagner v. Higgins*, 754 F.2d 186, 193 (6th Cir.1985) (Contie, J., concurring) ("If [a] complaint states a fourth amendment claim, [it] cannot be disposed of on the basis of *Parratt*."). We conclude, however, that Taylor can make no fourth amendment claim, either on his own behalf or on behalf of the nonprofit corporation he wishes to represent.

Lawful incarceration necessarily entails limitations upon many of the rights enjoyed by ordinary citizens. *Hudson, supra*, 468 U.S. at 524, 104 S.Ct. at 3199; *Pell v. Procunier*, 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974). An inmate's fourth amendment rights are among the rights subject to curtailment. In particular, the fourth amendment does not protect an inmate from the seizure and destruction of his property. *Hudson, supra*, 468 U.S. at 528 n. 8, 104 S.Ct. at 2808 n. 8. Hence it cannot protect an inmate from the conversion of his property. *See id.* at 537–40, 104 S.Ct. at 3205–07 (O'Connor, J, concurring) (because prison officials are authorized indefinitely to dispossess inmates of their property, what happens to the property while in official custody is not a Fourth Amendment concern). This does not mean a prisoner is without redress; it simply means a prisoner's form of redress is through the fifth and fourteenth amendments. *Id.* at 540, 104 S.Ct. at 3207.

The only remaining issue, then, is whether Taylor may represent the Lifers Club in its fourth amendment claim. The general rule, widely recognized in federal and state courts, is that a corporation can appear only through an attorney. *In re Highley*, 459 F.2d 554, 555–56 (9th Cir. 1972). *See generally Annot.*, 19 A.L.R. 3d 1073 (1968). Some courts, however, have recognized an exception to the general rule for certain close corporations with insufficient funds to retain counsel. *See, e.g., In re Holliday's Tax Servs.*, 417 F.Supp. 182, 183 (E.D.N.Y.1976) (allowing sole shareholder to represent the corporation's interests in a bankruptcy proceeding where to do otherwise would "effectively exclude [the corporation] from the courts"), *aff'd mem.*, 614 F.2d 1287 (2d Cir.1979); *Margaret Maunder Assocs. v. A–Copy, Inc.*, 40 Conn.Supp. 361, 499 A.2d 1172 (Conn.Sup. Ct.1985) (allowing sole shareholder of a corporation to represent interests of that corporation in contract dispute). Taylor argues that his non-profit corporation is analogous to a close corporation and is without funds due to the very acts that form the basis of this complaint, and that to deny the corporation the opportunity to appear through lay representation is to deny it its right to a day in court.

Taylor's argument fails. Allowing a sole shareholder to represent the interests of a close corporation amounts to no more than allowing the real beneficial owner of the corporation to represent his own interests. The same cannot necessarily be said about a nonprofit organization. *See Strong Delivery Ministry Ass'n v. Board of Appeals*, 543 F.2d 32, 33–34 (7th Cir.1976) (president of nonprofit corporation cannot represent that corporation in civil rights suit because he is not the real beneficial owner). If Taylor were to strengthen the analogy by showing that he is the real beneficial owner of the Lifers Club, he would not further his cause. He then would prove only that he asserts nothing more than his own property interests, and we have already concluded that because Taylor is a prisoner, the fourth amendment does not protect these interests. To the extent that he may claim property interests

other than those protected by the fourth amendment, *Parratt* relegates him to his state court remedies.

AFFIRMED.

SNEED, Circuit Judge, concurring in part and concurring in part in the result:

I concur in Part I of the majority opinion and that portion of Part II that deals with Taylor's right to represent the Lifers Club. I concur in the result reached by the majority in the remainder of Part II, that portion devoted to the discussion of *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

I have set forth the substance of my thinking regarding *Parratt v. Taylor* in my concurring in the result opinion in *Mann v. City of Tucson*, 782 F.2d 790, 794–800 (9th Cir.1986). The deprivation in this case was not the result of an "unconstitutional state law, policy, procedure, pattern, or practice." *Id.* at 798. Therefore, the existence of post deprivation state remedies should satisfy the requirements of the Fourteenth Amendment.