9 F.3d 1555
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
STATE OF CALIFORNIA FRANCHISE TAX BOARD, Defendant-Appellant.
 No. 91-16360.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1993.*
Decided Oct. 26, 1993.
 
 Before: POOLE and FERNANDEZ, Circuit Judges, and KELLEHER,** District Judge
 MEMORANDUM***
 The California Franchise Tax Board (FTB) appeals from the district court's denial of the FTB's motion to take judicial notice and its motion to amend the judgment. By both motions the FTB sought to undo its concession in the final pretrial order that its tax liens against one John Alden in the underlying tax action are subordinate to those of the Internal Revenue Service (IRS).
 After the start of trial, the FTB filed a trial brief seeking to rescind its concession regarding the priority of liens. A day after filing its trial brief, the FTB moved the district court to take judicial notice of a July 26, 1982 California State Board of Equalization (SBE) decision establishing Alden's state tax liability for the years 1977-78. The FTB sought judicial notice of the SBE decision to show that its tax liens were established prior to those of the IRS.
 At the close of trial, the district court denied the FTB's judicial notice motion. Although the district court did not expressly rule on the FTB's request to modify the pretrial order, it implicitly rejected that request in denying the motion for judicial notice.
 After trial and entry of judgment, the FTB moved to amend the district court's findings of fact and conclusions of law so as to delete any reference to the priority of the IRS' liens over those of the FTB. The district court denied this motion, as well.
 In attacking, on appeal, the district court's denial of its motions for judicial notice and to amend the findings of fact and conclusions of law, the FTB fails to mention its concession in the pretrial order that the IRS' liens enjoy priority. However, the district court's rulings on those motions reflect its decision to hold the FTB to the terms of the final pretrial order, and we must address that decision.
 DISCUSSION
 We will not reverse the district court's enforcement of the pretrial order absent an abuse of discretion. Eagle v. American Tel. and Tel. Co., 769 F.2d 541, 548 (9th Cir.1985), cert. denied, 475 U.S. 1084 (1986). Similarly, we review the district court's evidentiary rulings and its decision regarding a motion to amend the judgment for an abuse of discretion. McGonigle v. Combs, 968 F.2d 810, 818 n. 6 (9th Cir.1992) (evidentiary rulings); Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991) (motion to amend).
 We may not simply substitute our judgment for that of the district court, United States v. Egbuniwe, 969 F.2d 757, 761 (9th Cir.1992), and will not reverse in the absence of a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached. United States v. Plainbull, 957 F.2d 724, 725 (9th Cir.1992).
 I. Amendment of Pretrial Order
 Under Federal Rule of Civil Procedure 16(e) the final pretrial order "shall control the subsequent course of the action" and "shall be modified only to prevent manifest injustice." The purpose of the pretrial order is "to guide the course of the litigation," and "[o]nce formulated, [it] should not be changed lightly...." Fed.R.Civ.P. 16(e), Advisory Committee Note (citing Clark v. Pennsylvania R.R. Co., 328 F.2d 591 (2d Cir.1964)).
 We have stressed the crucial role played by pretrial orders in "implementing the purposes of the Federal Rules of Civil Procedure 'to secure the just, speedy, and inexpensive determination of every action.' " United States v. First Nat'l Bank of Circle, 652 F.2d 882, 886 (9th Cir.1981). In Bank of Circle, we remarked that "[u]nless pretrial orders are honored and enforced, the objectives of the pretrial conference to simplify issues and avoid unnecessary proof by obtaining admissions of fact will be jeopardized if not entirely nullified." Id. Thus, once a matter has been agreed to in the pretrial order, neither party may offer evidence at trial to prove or disprove it. Id.
 In this case, the district court's decision to hold the FTB to its concession of junior status in the pretrial order foreclosed it from challenging the priority of the IRS' liens. While preventing the FTB from reopening the lien priority issue may have prejudiced the FTB, it is not clear from the record that the FTB's liens were entitled to priority.
 In addition, the requested modification of the pretrial order would have prejudiced the IRS by requiring it to litigate the lien priority issue in this case or pursue it in separate proceedings with the FTB. Moreover, re-injecting the issue of competing government tax liens into the litigation after the start of trial would almost certainly have interfered with the orderly and efficient conduct of the case. Thus, we cannot say the disposition of lien priority in the pretrial order produced a manifest injustice necessitating modification of the order.
 
 
 1
 Even allowing that the FTB's concession of lien priority may have been erroneous, the FTB has never explained what circumstances render that concession excusable. The only justification offered by the FTB is the bald assertion that the Deputy Attorney General who handled the case for the FTB "erroneously conceded that liens held by the [IRS] ... enjoyed priority over liens ... held by the [FTB]." Such an unsupported claim is scant ground for relief from a concession made in the pretrial order after the start of trial.
 
 
 2
 Given the lack of justification for the FTB's having "erroneously" conceded the inferiority of its liens, and given the prejudice to the IRS and interference with the orderly and efficient conduct of the case that would have resulted from altering the pretrial order, we cannot say the district court abused its discretion in denying the FTB's request to amend the pretrial order.
 
 II. Denial of Motion for Judicial Notice
 
 3
 Sidestepping the issue of the pretrial order, the FTB argues that under Federal Rule of Evidence 201 the district court was required to take judicial notice of the SBE decision. According to the FTB, the SBE decision shows that the FTB's lien on Alden's property was established several years before the IRS assessed Alden's federal tax liability. This supports the FTB's contention that its liens are entitled to priority over the IRS' liens.
 
 
 4
 Although the SBE decision meets the criteria of Federal Rule of Evidence 201, a trial judge may exclude otherwise admissible evidence that is not "in accordance with the pretrial order when the party seeking to introduce the evidence offers no justification for delay." United States v. Lummi Indian Tribe, 841 F.2d 317, 320 (9th Cir.1988); Bank of Circle, 652 F.2d at 886. In such a case, "[a]ny injustice resulting from exclusion ... comes from [the defaulting party's] own failure properly to present [its] case." Lummi Indian Tribe, 841 F.2d at 320 (quoting Colvin v. United States, 549 F.2d 1338, 1340 (9th Cir.1977)).
 
 
 5
 In this case, the only justification offered by the FTB for its belated endeavor to alter the terms of the pretrial order was the simple asseveration that its concession of the IRS liens' priority was an error. The FTB has never offered any excuse for making its so-called error and, as noted above, it is not clear that the concession was in fact erroneous. Evidently, the district court did not consider this to be adequate "justification for delay." See Lummi Indian Tribe, 841 F.2d at 320.
 
 
 6
 The FTB sought judicial notice of the SBE decision as a fact tending to establish the relative priority of the state and federal tax liens. That issue had been conclusively disposed of in the final pretrial order. As noted above, the district court's decision to enforce the terms of that order was a proper exercise of its discretion. Because it could not have been "of consequence to the determination of the action," the SBE decision was not relevant. Fed.R.Evid. 401. And because the SBE decision was not relevant, the district court did not abuse its discretion in refusing to judicially notice that decision.
 
 III. Denial of Motion to Amend
 
 7
 The FTB presented no new ground for relief in its motion to amend the district court's findings of fact and conclusions of law. Generally, courts avoid considering Rule 59(e) motions where the grounds for amendment are limited to a repetitive contentions of matters previously before the court for consideration. E.g., Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir.1989).
 
 
 8
 The issue of lien priority was before the district court for consideration on both the FTB's request to amend the pretrial order and its motion to take judicial notice. As discussed above, the district court's refusal to reopen that issue after entry of the final pretrial order was not an abuse of discretion. For the same reasons, the court's denial of the FTB's motion to amend was not an abuse of discretion.
 
 CONCLUSION
 
 9
 For the reasons set forth above, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3