21 F.3d 1111
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward E. ALLEN, Plaintiff-Appellant,
v.
CLACKAMAS COUNTY JAIL; et al., Defendants-Appellees.
 No. 93-35260.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 22, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward E. Allen, an Oregon state prisoner, appeals pro se the district court's order granting defendants' motion for summary judgment on certain claims, and the dismissal of his remaining claim after trial in his 42 U.S.C. Sec. 1983 action. In his complaint, Allen alleged that defendants violated his constitutional rights when they: (a) ignored his request to provide legal forms and cases to do legal work; (b) refused to provide him with an ink pen and legal-sized paper; (c) lost or destroyed his legal materials; and (d) required him to receive food while standing in water. The district court dismissed the claim regarding lost or destroyed legal materials after trial and granted defendants' motion for summary judgment on the other three claims. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 We review the district court's determination on questions of law and on mixed questions of law and fact that implicate constitutional rights de novo. National Ass'n of Radiation Survivors v. Derwinski, 994 F.2d 583, 587 (9th Cir.), cert. denied, 114 S.Ct. 634 (1993). We also review the granting of summary judgment de novo. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992).
 
 
 4
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Taylor, 880 F.2d at 1045. Summary judgment is not appropriate if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 
 5
 To establish liability under Sec. 1983, the plaintiff must demonstrate that the defendants, acting under color of state law, deprived him of a right guaranteed under the Constitution or federal statute. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988).
 
 1. Access to the courts
 
 6
 The fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries. Bounds v. Smith, 430 U.S. 817, 828 (1977). The main concern is "protecting the ability of an inmate to prepare a petition or complaint." Wolff v. McDonnell, 418 U.S. 539, 576 (1974). If prisoner does not establish denial of adequate law libraries or assistance from a legally trained person, the prisoner must establish actual injury to court access. Sands v. Lewis, 886 F.2d 1166, 171 (9th Cir.1989).
 
 
 7
 A prison regulation impinging on an inmate's constitutional rights is valid if it is reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987).
 
 
 8
 Where deprivation of property results from the unpredictable negligent acts of state agents, the availability of an adequate state postdeprivation remedy satisfies due process requirements. Parratt v. Taylor, 451 U.S. 527, 543-44 (1981) overruled on other grounds, Daniel v. Williams, 474 U.S. 327, 330-33 (1986); Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir.) cert. denied, 493 U.S. 868 (1989). State postdeprivation remedies have also been held sufficient for due process purposes in cases of intentional, unauthorized actions. Hudson v. Palmer, 468 U.S. 517, 530-33 (1984); Taylor, 871 F.2d at 805.
 
 
 9
 (a) ignoring request for legal forms and cases
 
 
 10
 Here, on October 22, 1991, defendants denied Allen's request for habeas corpus forms because he failed to specify which forms he required. Allen received his requested forms the following day after specifying the particular forms by number.
 
 
 11
 On October 26, Allen requested 50 legal forms by number, but when they were given to him, he refused to accept them. On October 27, 1991, Allen requested 20 different legal forms, but he also refused them when they were taken to him.
 
 
 12
 On October 23, 25 and 26, 1991, defendants refused to provide Allen with requested copies of several Oregon appellate decisions per jail policy because the cases were available in the law library. Defendants advised Allen to request time in the library to read the cases and make notes.
 
 
 13
 On October 27 or 28, Allen requested copies of 30 cases from Federal Reports located in the courthouse law library, but the order was delayed because the county librarian was unable to read Allen's handwriting. On October 29, 1991, Allen submitted a 5-6 page list of cases, but this order was canceled by defendants when he was transferred to the Oregon state penitentiary ("OSP") in Salem two days later. Defendants submitted affidavits stating that the order was canceled because the OSP law library had all of the federal cases Allen had requested.
 
 
 14
 Thus, because Allen failed to raise any question of fact that defendants improperly refused to provide him legal forms or cases to prepare his legal papers, the district court did not err by granting summary judgment as to his claim that defendants violated his right to access to the courts. See Bounds, 430 U.S. at 828; Wolff, 418 U.S. at 576.
 
 
 15
 (b) ignoring request for ink pens and 8 1/2 X 11 inch paper
 
 
 16
 Here, defendants provided Allen with pencils and 4 X 6 inch paper to prepare his legal papers. Defendants presented evidence that it is jail policy to deny access to ink pens because prisoners have used them as weapons. Moreover, Allen failed to show that any court ever rejected a document he prepared using the paper and pencil provided by defendants. Thus, because the jail regulation denying Allen access to ink pens is rationally connected to the legitimate governmental interest in jail security, and because no court documents prepared on 4 X 6 inch paper and pencil were ever rejected, the district court did not err by granting summary judgment as to his claim that defendants violated his right to access to the courts. See Turner, 482 U.S. at 89; Bounds, 430 U.S. at 828; Wolff, 418 U.S. at 576.
 
 
 17
 (c) lost or destroyed personal legal materials and papers
 
 
 18
 Here, at trial, Allen testified that defendants either lost or destroyed certain "legal materials" of an unspecified nature when he arrived at their facility. Because Allen failed to present any evidence at trial as to how the missing materials denied him access to the courts, he did not establish that he suffered actual injury. See Sands, 886 F.2d at 1170. Moreover, because Allen failed to refute defendants' evidence that he never filed a grievance regarding this matter, nor pursued postdeprivation relief available to him in state court, his Sec. 1983 claim against defendants for the loss of his legal materials is deficient. See Hudson, 468 U.S. at 530-33; Parratt, 451 U.S. at 543-44; Taylor, 871 F.2d at 805.
 
 2. Eighth Amendment violation
 
 19
 As a sentenced prisoner, Allen is only entitled to be free from cruel and unusual punishment. See Wilson v. Seiter, 111 S.Ct. 2321, 2323 (1991). An institution's obligation under the Eighth Amendment is at an end if it furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care and personal safety. Hoptowit v. Ray, 682 F.2d 1237, 1246 (1982).
 
 
 20
 Here, according to defendants' affidavits, any water that collected on the floor near the shower area is mopped up as soon as possible, and was not deliberately left there next to the feeding port. Thus, because Allen failed to establish any question of fact that defendants caused an unnecessary and wanton infliction of pain or deprived him of a basic need, his claim that his Eighth Amendment rights were violated when he was forced to receive his meal tray while standing in water is deficient. See Wilson, 111 S.Ct. at 2323; Hoptowit, 682 F.2d at 1246.
 
 
 21
 Accordingly, the district court did not err in granting defendants' motion for summary judgment in his 42 U.S.C. Sec. 1983 action. See Celotex, 477 U.S. at 322; Anderson, 477 U.S. at 248; Taylor, 880 F.2d at 1044. Further, the district court did not err in dismissing Allen's remaining claim at trial. National Ass'n of Radiation Survivors, 994 F.2d at 587.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3