24 F.3d 249
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Philip Rogers SCALICE, Plaintiff-Appellant,
v.
John Doe DAVIES, Sgt., Defendant-Appellee,
Bill Weber; Kurt Peterson, Superintendent; Larry
Kincheloe; Linda Buccini, Defendants-Respondents.
 No. 92-36909.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 2, 1994.*
Decided May 17, 1994.
 
 Before: WRIGHT, SCHROEDER, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Washington state prisoner Philip Rogers Scalice appeals pro se the district court's summary judgment for defendant prison officials in Scalice's 42 U.S.C. Sec. 1983 action, in which he seeks damages and injunctive and declaratory relief. Scalice alleges that defendants violated his First and Fourteenth Amendment rights by interfering with his incoming and outgoing mail. Defendants' motion for summary judgment on the grounds of qualified immunity was granted by the district court.[1] We affirm.
 
 
 3
 We need only reach the issue of qualified immunity with respect to Scalice's claims against defendant Davies. The other four defendants named by Scalice in his complaint, Weber, Peterson, Kincheloe and Buccini, are supervisors and directors at Washington Corrections Center ("WCC"), and Scalice has presented no evidence indicating that these defendants were personally involved in any of the unconstitutional conduct alleged by Scalice. There is no respondeat superior liability for damages in the Sec. 1983 context. Padway v. Palches, 665 F.2d 965, 968 (9th Cir.1982); see Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). The district court's order dismissing the claims against Weber, Peterson, Kincheloe and Buccini must be affirmed on this ground alone.
 
 
 4
 Davies, the remaining defendant, was the mailroom supervisor who allegedly confiscated or wrongfully refused to deliver certain incoming mail to Scalice. Davies admits that she confiscated issues of a publication called "Factsheet Five," but contends she did so because it was a catalog and WCC had a policy of banning catalogs from the Intensive Management Unit where plaintiff was incarcerated. The defendants have presented an affidavit indicating that the policy concerning catalogs was reasonably related to penological interests in avoiding accumulation of voluminous combustible material and avoiding undue burdens on the prison mail system where similar publications were already available in the facility. Even assuming that a policy prohibiting catalogs might violate a prisoner's First Amendment rights, we cannot say that such rights are so clearly established that Scalice's action survives defendant's qualified immunity defense and that Scalice may recover damages.[2] Thornburgh v. Abbott, 490 U.S. 401, 412-13 (1989); see Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Johnson v. Moore, 948 F.2d 517, 520-21 (9th Cir.1991).
 
 
 5
 Scalice further alleges that Davies has confiscated other issues of "Factsheet Five" and issues of another publication known as "Outlook on Justice" without providing any legitimate penological justification. Davies contends, by affidavit, that she not only did not take these items but she had no knowledge that the prison ever received them. Scalice has provided the court with an affidavit from the publisher indicating that the publications were sent to him, but there is no evidence that they arrived at the prison or that Davies intentionally deprived him of this material. Scalice has failed to raise a genuine issue of material fact. Even construing the evidence in the light most favorable to Scalice, the record establishes at most negligent mailhandling, not an intentional First Amendment deprivation. See Thornburgh, 490 U.S. at 412-13; Parratt v. Taylor, 451 U.S. 527 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327 (1986); Taylor v. Knapp, 871 F.2d 803, 805-06 (9th Cir.), cert. denied, 493 U.S. 868 (1989).
 
 
 6
 The prison received at least one package addressed to Scalice from "Redbook Prison Program." The defendants contend that the package was not delivered to Scalice because it contained newspapers and other publications from parties other than Redbook. Enforcement of prison regulations which prohibit a prisoner from receiving materials that are not shipped directly from a publisher or retailer does not violate clearly established rights. See Bell v. Wolfish, 441 U.S. 520, 549-53 (1979); Johnson, 948 F.2d at 520-21. Although Scalice maintains that the items were not in fact from a third party, that fact is not material absent some indication that the prison authorities had any way of knowing that the items were from a retailer rather than a third-party source. Once again, there is at most evidence of negligence, not of an intentional deprivation of a federal right. Thornburgh, 490 U.S. at 412-13; Taylor, 871 F.2d at 805-06.
 
 
 7
 Scalice also contends that other packages were confiscated without notice, that prison officials failed to post outgoing letters, and that prison officials failed to notify senders when they rejected items addressed to Scalice. These allegations are largely unsupported and are directly contradicted in the defendants' affidavits. The infirmities in the prison mail grievance system alleged by Scalice do not appear to violate any constitutional right, and certainly not a clearly established one. See Harlow, 457 U.S. at 818. The district court did not err in granting summary judgment in favor of the appellees on Scalice's claims.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Scalice's claims for declaratory and injunctive relief are moot in light of his transfer to a different institution. Johnson v. Moore, 948 F.2d 517, 520 (9th Cir.1991)
 
 
 [2]
 For the same reasons, we find that the district court did not err in rejecting Scalice's claim for damages based on Davies' failure to deliver a poster to him