28 F.3d 105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Myrlin DOMINGO,** as personal representative
of the estate of Ramon Domingo, Plaintiff-Appellant,
v.
Charles ALLEN; United States Postal Service; United States
of America; Shirley Joyo; the Pacific Insurance
Company, Ltd., Defendants-Appellees.
 No. 93-15835.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided June 13, 1994.
 
 Before: FARRIS, BEEZER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Ramon Domingo appeals the district court's grant of summary judgment for defendants United States Postal Service, Pacific Insurance Limited, and Shirley Joyo. Domingo argues that the grant of summary judgment to the Postal Service was error in that his acceptance of a payment for property damage from the Service did not constitute a waiver of later claims under 28 U.S.C. Sec. 2672. He also argues that the grant of summary judgment to defendants Pacific and Joyo was error because he did not knowingly and voluntarily waive his right to file a later claim for personal injuries sustained in a car accident with a postal vehicle. He also appeals the district court's denial of his motion for reconsideration. We have jurisdiction, 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Domingo argues summary judgment in favor of the Postal Service was error in that his acceptance of a payment for property damage from the Service did not constitute a waiver of later claims under 28 U.S.C. Sec. 2672. A court shall grant summary judgment "if the pleadings ... together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A grant of summary judgment is reviewed de novo. Jones v. Union Pac. R.R., 968 F.2d 937, 940 (9th Cir.1992).
 
 
 4
 Domingo's personal injury claim against the United States is barred by 28 U.S.C. Sec. 2672 because Domingo had already accepted an award or settlement from the Postal Service.[1] It is undisputed that Domingo agreed to accept, and accepted, payment from the Postal Service to settle his claim. Further, Domingo presented no specific facts contesting or refuting Postal Service accident investigator Nancy Kunishige's declaration that she advised Domingo that in accepting payment of the claim he was waiving future claims for damage or injuries resulting from the collision, that he agreed, and that he instructed the Postal Service to pay his claim. Domingo's claim is barred by 28 U.S.C. Sec. 2672 because he accepted a settlement of his claim from the Postal Service.
 
 
 5
 Domingo argues his claim is not barred under Macy v. United States, 557 F.2d 391 (3d Cir.1977). Macy, however, is distinguishable. There, the plaintiff crossed out the waiver language on the Form 95. She accepted and cashed a check from the United States only after sending the Postal Service a letter stating she was accepting the check for property damage only and still had personal damage claims outstanding. The court found that Macy had clearly reserved her personal injury claim. Here, Domingo was advised that acceptance of payment would preclude future claims, he agreed, and then cashed the check.
 
 II
 
 6
 Domingo also argues that summary judgment was improperly granted to Pacific and Joyo because Domingo did not knowingly and voluntarily waive his right to file a later claim for personal injuries sustained in the collision. To show the existence of a "genuine" issue, the nonmoving party must present some evidence establishing each element of the claims on which he would bear the burden of proof at trial. Smolen v. Deloitte, Haskins & Sells, 921 F.2d 959, 963 (9th Cir.1990). Once a summary judgment motion is made and properly supported, the adverse party may not rest on the mere allegations of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); Celotex Corp. v. Myrtle Nell Catrett, 477 U.S. 317 (1986).
 
 
 7
 Domingo's complaint alleged that Pacific and Joyo were responsible for his unknowing waiver of future rights. However, even if Pacific and Joyo were responsible for his filing a partial claim, neither Pacific nor Joyo had anything to do with the two other, later occasions when Domingo waived future claims. Domingo first orally waived future claims when Kunishige confirmed that he would not be filing a supplemental claim, and again when he accepted the check without reserving any rights. Cf. Macy, 557 F.2d 391 (plaintiff crossed out waiver language on Form 95 and only accepted check after sending letter to Postal Service explicitly reserving personal injury claim). As Domingo presented no specific facts raising a genuine issue for trial, the district court properly concluded that Pacific's alleged negligence could not have been the cause of any loss by Domingo.
 
 III
 
 8
 Domingo also appeals the denial of his motion for reconsideration. The district court properly denied the motion because Domingo presented no new arguments which the court had not already considered and rejected, nor did he identify any error of fact or law. See Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir.), cert. denied, 493 U.S. 868 (1989).
 
 
 9
 The request for attorneys fees is mooted in light of the disposition.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Pursuant to Fed.R.App.P. 43(a), Myrlin Domingo is substituted for the deceased Ramon Domingo, as personal representative of his estate
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 2672 provides that "[t]he acceptance by the claimant of any such award, compromise, or settlement shall be final and conclusive on the claimant, and shall constitute a complete release of any claim against the United States and against the employee of the government whose act or omission gave rise to the claim, by reason of the same subject matter." 28 U.S.C. Sec. 2672