57 F.3d 1078
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Scott C. SMITH, Plaintiff-Appellant,
v.
George MINNICH, a Custodian of criminal investigative
evidence, property room, King County Dept. of
Public Safety aka John Doe, Defendant-Appellee.
 No. 94-36062.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 8, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Washington state prisoner Scott Smith appeals pro se the district court's summary judgment for George Minnich, the custodian of records of the King County Department of Public Safety, in Smith's 42 U.S.C. Sec. 1983 action alleging that the King County Police Department violated his procedural due process rights by holding and refusing to release $3,000 belonging to Smith. The district court granted summary judgment for Minnich on the ground that Smith had an adequate post-deprivation remedy. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Smith contends that the post-deprivation remedies are inadequate because the proper result was not achieved in his state tort action. This contention lacks merit.
 
 
 4
 Washington's relevant tort claims provisions, Wash.Rev.Code Secs. 4.92.090 and 4.96.010, provide a damages remedy to persons who have suffered from the tortious conduct of the state or its political subdivisions.
 
 
 5
 Here, Smith availed himself of those remedies. The fact that his state tort action did not produce the result Smith desired does not mean that the remedies are inadequate. The remedies provided could have fully compensated Smith for any property loss he suffered, and thus they are sufficient to satisfy the requirements of due process. See Parratt v. Taylor, 451 U.S. 527, 544 (1981), overruled on other grounds, Daniel v. Williams, 474 U.S. 327, 330-33 (1986); Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir.1989). Thus, the district court properly granted summary judgment because adequate post-deprivation remedies are available under state law. See Taylor, 871 F.2d at 805.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3