76 F.3d 385
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald Paul CLARK, Plaintiff-Appellant,
v.
Tana WOOD; P. O'Connor; D.L. Peterson, Defendants-Appellees.
 No. 95-35250.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1996.*
Decided Jan. 17, 1996.
 
 Before: SNEED, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald Paul Clark, a Washington state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action against prison officials. Clark alleged that he was deprived of personal property without due process. The district court dismissed Clark's complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) on the ground that Clark had an adequate postdeprivation remedy. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal of an action pursuant to Rule 12(b)(6), Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 
 3
 Clark contends that the Washington state postdeprivation remedies are inadequate because they are not designed to protect his federal interests. This contention lacks merit.
 
 
 4
 Washington's relevant tort claims provisions provide a damages remedy to persons who have suffered from the tortious conduct of the state or its political subdivisions. See Wash.Rev.Code §§ 4.92.090 and 4.96.010 (1995).
 
 
 5
 Here, Clark failed to avail himself of those remedies. Clark has not alleged that the Washington state postdeprivation remedy is inadequate. Because the remedies provided could have fully compensated Clark for any property loss he suffered, they are sufficient to satisfy the requirements of due process. See Parratt v. Taylor, 451 U.S. 527, 544 (1981), overruled on other grounds, 474 U.S. 327 (1986); Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir.), cert. denied, 493 U.S. 868 (1989). Thus, the district court properly found that Clark did not state a claim under section 1983 because adequate postdeprivation remedies are available under state law. See Taylor, 871 F.2d at 805.
 
 
 6
 Clark also appeals from the denial of his motion for a temporary restraining order or preliminary injunction seeking to enjoin prison officials from destroying his property. Clark failed to show a likelihood of success on the merits, or that he would suffer irreparable harm if the injunction was not granted. See Goldie's Bookstore Inc. v. Superior Court of California, 739 F.2d 466, 472 (9th Cir.1984). Accordingly, the district court did not abuse its discretion by denying Clark's request for injunctive relief. See Johnson v. Moore, 948 F.2d 517, 521 (9th Cir.1991).
 
 
 7
 To the extent that Clark appeals the district court's dismissal without prejudice of his access to courts claim, we affirm because Clark failed to allege actual injury. See Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir.1994), cert. denied, 116 S.Ct. 91 (1995); Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3