85 F.3d 639
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gordon Henry RICE, Defendant-Appellant.
 No. 95-10153.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1996.*
Decided Feb. 12, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gordon Henry Rice appeals pro se the district court order denying his motion to modify the conditions of his supervised release under Fed.R.Crim.P. 32.1. We upheld Rice's sentence, including restitution, in United States v. Rice, No. 90-10361, 991 WL 80344 (9th Cir. May 16, 1991), cert. denied, 502 U.S. 428 (1991). We have jurisdiction pursuant to 18 U.S.C. § 1291, and affirm.[1]
 
 
 3
 Rice, prior to his release from prison, requested that the district court either defer his restitution payments for one year or strike the restitution condition from his supervised release. Prior to his incarceration, Rice had been employed as a brick mason, truck driver, construction worker and landscaper. We agree with the district court that Rice's current indigence was not a basis for invalidating the condition of restitution because restitution is based on future ability to pay. See United States v. Miguel, 49 F.3d 505, 511 (9th Cir.), cert. denied, 115 S.Ct. 2628 (1995).
 
 
 4
 We also agree that there are adequate safeguards to ensure that Rice's restitution will not result in future hardship. Rice is required to make monthly installments in an amount to be determined by his probation officer in accordance with his ability to pay. In addition, we note that if at the end of his term of supervised release Rice is unable to pay the full amount of restitution, he may petition the court for an extension of time or for a remittitur.[2] See Jackson, 982 F.2d 1279, 1284-85 (9th Cir.1992).
 
 
 5
 The district court's denial of Rice's motion to modify the conditions of his supervised release is
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court did not abuse its discretion by denying Rice's Fed.R.Civ.P. 59(e) motion because Rice set forth no basis for relief under Fed.R.Civ.P. 59(e). See Fed.R.Civ.P. 59(e); Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir.), cert. denied, 493 U.S. 868 (1989)
 
 
 [2]
 Rice's argument that his rights were violated when he signed a written contract entitling him to early release into a halfway house on the condition that he agree to abide by the conditions of his supervised release is moot because Rice is no longer at the halfway house. Cf., United States v. Smith, 991 F.2d 1468, 1470 (9th Cir.1993)