129 F.3d 126
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William A. KENTY, aka William A. Goichman, on behalf of
himself and a class of all persons similarly
situated, Plaintiff-Appellant,
v.
W.C. KELLY; Thomas Frazier, Officer; David Marshall;
Harry Giem Service Station, Defendants-Appellees.
 No. 96-17295.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1997.**
Filed Nov. 6, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-74-01229-SW; Spencer M. Williams, Senior District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON, and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 William Kent ("Kent") appeals pro se the district court's August 22, 1996 order denying his motion for an order to show cause way the City of Carmel and the Carmel Police Department (collectively "Carmel") should not be held in contempt pursuant to a 1979 conjunction. Kent also appeals the district court's November 27, 1996 order denying his motion for reconsideration or rehearing of the August 22, 1996 order. Because the appeal as to the August 22, 1996 order is untimely, we are limited to reviewing the district court's November 27, 1996 order. We have jurisdiction under 28 U.S.C. § 1291 to review the November 27, 1996 order, and we affirm.
 
 
 3
 * Kent desires review of both the denial of reconsideration and the earlier August 22, 1996 order denying his petition for an order to show cause why Carmel should not be held in contempt. Under Rule 4(a)(1) of the Federal Rules of Appellate Procedure, a notice of appeal must be filed within thirty days after the date of the order appealed from. Fed. R.App. P 4(a)(1). Here, the order appealed from was entered on August 22, 1996. Kent filed his notice of appeal on December 6, 1996, more than three months later. Therefore, the August 22, 1996 order cannot be disturbed unless the thirty-day deadline was tolled.
 
 
 4
 Kent contends that the thirty-day deadline was tolled when he filed the motion for reconsideration. He argues that his motion for reconsideration may be construed as a motion to alter or amend the district court's order under Federal Rules of Civil Procedure 60(b), 59(e), or 52(b). Properly filed, these motions do toll the thirty-day period. United States v. Nutri-Cology Inc., 982 F.2d 394, 396-97 (9th Cir.1992).
 
 
 5
 A Rule 60(b) motion to alter or amend a judgment may be made within a year of judgment. However, it tolls the time for filing a notice of appeal only if it is filed "no later than 10 days after the entry of judgment." Fed. R.App. P. 4(a)(4)(F). For the purpose of Rule 60(b), the computation of ten days includes weekends and holidays. Fed. R.App. P. 26(a). Kent's motion for rehearing was not filed until September 9, 1996, eighteen days after the entry of the order on August 22, 1997. Therefore, the tolling provision did not come into effect.
 
 
 6
 Motions for reconsideration can also be construed as motions to alter or amend a judgment under 59(e) if filed no later than ten days after entry of the judgment. Fed.R.Civ.P. 59(e). Nutri-Cology, 982 F.2d at 397. Timely Rule 59(e) motions are tolling motions for purposes of filing a notice of appeal. Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir.1988). However, Kent's motion was not timely under Rule 59(e). Unlike Rule 60(b) motions, the computation of the ten day period excludes weekends and holidays. Fed.R.Civ.P. 6(a). However, even excluding weekends and holidays, Kent's motion was filed eleven days after the order was entered, one day too late. Therefore, the tolling provision does not come into effect.
 
 
 7
 Finally, a motion to amend or make additional findings of fact under Federal Rule of Civil Procedure 52(b) also tolls the deadline for filing a notice of appeal. Nutri-Cology, 982 F.2d at 397. As with Rule 59(e) motions, the ten-day period is computed excluding weekends and holidays. Again, Kent's motion was filed one day too late and therefore was not timely. Fed.R.Civ.P. 6(a).
 
 
 8
 Because Kent's motion for rehearing did not toll the thirty-day notice requirement of Rule 4(a)(1), his appeal as to the August 22, 1996 order was not timely. Therefore, we lack jurisdiction to review it.
 
 II
 
 9
 Kent's notice of appeal is timely with respect to the district court's denial of his motion for reconsideration. The district court's order denying reconsideration was entered on November 27, 1996 and Kent filed his appeal on December 6, 1996, well within the thirty-day limit. We review the district court's denial of a motion for reconsideration for abuse of discretion. Nutri-Cology, 982 F.2d at 397. The district court did not abuse its discretion in denying the motion for reconsideration. Kent's motion for reconsideration cannot be treated as either a Rule 59(e) or a 52(b) motion because it was not filed within ten days of the August 22, 1996 order. Fed.R.Civ.P. 59(e) & 52(b). Therefore, the only possible grounds for reconsideration was as a Rule 60(b) motion. This motion was properly denied if brought pursuant to Rule 60(b), which provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances that would justify relief. Fed.R.Civ.P. 60(b). Kent does not argue that his case falls within any of these exceptions, nor could he do so successfully. Therefore, the trial court properly denied Kent's notion for reconsideration of the August 22, 1996 order, and we AFFIRM.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3