**M. Christine STERLING, individually as sister of George Timothy Williams, deceased and as his personal representative; et al., Plaintiffs—Appellants,**

v.

**James D. WEAVER, individually and in his official capacity as Sheriff of Jerome County; et al., Defendants—Appellees.**

No. 04–35346.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted July 12, 2005.

Decided Aug. 19, 2005.

Patrick D. Brown, Hutchinson & Brown, Twin Falls, ID, for Plaintiffs–Appellants.

Michael W. Moore, Esq., Martin Hendrickson, Esq., Moore, Baskin & Parker, LLP, Kirtlan G. Naylor, Esq., Colleen D. Zahn, Esq., Naylor, Hales & McCreedy, P.C., Boise, ID, for Defendants–Appellees.

Before: HUG, PAEZ, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Plaintiffs—Appellants Christine Sterling, individually and as the representative of George Timothy Williams, and Patricia Williams, individually and as heir of George Timothy Williams, appeal the district court's grant of summary judgment dismissing their claims under 42 U.S.C. § 1983 alleging that the search of Williams's home, which resulted in Williams's death, violated Williams's Fourth Amendment rights. Plaintiffs contend that the district court erred in concluding that Williams's constitutional rights were not violated and thus erred in granting Sheriff James Weaver and Undersheriff Jocelyn Roberts qualified immunity and in dismissing the claims against Jerome County.[1] We affirm.[2]

The plaintiffs first argue that the affidavit supporting the application for the search warrant was not supported by probable cause. Based on the totality of the circumstances known to the officer at the time he applied for the search warrant, the warrant was supported by probable cause. *See Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). That the confidential informant, Mary Ann Taylor, backed out of a controlled buy and was told that the information she provided for a previous investigation was "useless," does not discredit the evidence supporting the officer's representation that Taylor was a reliable informant. Nor was Taylor's reliability undermined by the fact that the officers told Taylor that social services

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. "The district court's grant of summary judgment on the ground of qualified immunity is [ ] reviewed de novo." *Bingham v. City of Manhattan Beach*, 341 F.3d 939, 945 (9th Cir.2003). "Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact, and whether the district court correctly applied the relevant substantive law." *Id.*

2. We also grant defendants' motion for leave to supplement the record with an audio recording of the interview of Mary Ann Taylor by the Idaho State Police.

may remove her daughter if Taylor did not cooperate in the search. *See United States v. Strifler,* 851 F.2d 1197, 1201 (9th Cir.1988).

■ With regard to the excessive force claim, the plaintiffs concede that the officers' use of force was reasonable once the door opened and the officers were confronted with Williams, who was pointing his weapon at them. The plaintiffs contend, however, that "the officer[s'] actions [before the shooting commenced] were excessive and unreasonable, and that these actions caused an escalation that led to the shooting." *Duran v. Maywood,* 221 F.3d 1127, 1131 (9th Cir.2000); *see also Alexander v. City and County of San Francisco,* 29 F.3d 1355, 1366 (9th Cir.1994). We disagree.

Plaintiffs argue that the officers entered Williams's home without a sufficient knock-and-announce entry as required under the Fourth Amendment. *See Wilson v. Arkansas,* 514 U.S. 927, 930, 115 S.Ct. 1914, 131 L.Ed.2d 976 (1995). Viewing the evidence in the light most favorable to the plaintiffs, however, the officers' entrance into the garage without a knock-and-announce entry was constitutionally permissible because Taylor consented to the entry and the officers could have reasonably believed that Taylor possessed common authority over the premises. *See Illinois v. Rodriguez,* 497 U.S. 177, 188–89, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990). In addition, in light of the exigent circumstances of possible evidence destruction and the presence of weapons in the home, the officers' short wait between the knock-and-announce at the residence door and the decision to break down the door was constitutional. *See United States v. Banks,* 540 U.S. 31, 40, 124 S.Ct. 521, 157 L.Ed.2d 343 (2003). Further, even assuming that the officers were informed that Williams feared Doug Norgard and carried a gun for this purpose, and also were informed that Williams had a hearing problem, the forced entry was not an excessive and unreasonable escalation that led to the shooting in violation of the Fourth Amendment. *See Duran,* 221 F.3d at 1131. Indeed, Taylor confirmed that the officers' knock-and-announce put Williams on notice that the officers were at the door. Accordingly, the district court properly concluded that there was no constitutional violation to support a Fourth Amendment claim against Weaver or Jerome County.

■ Plaintiffs also contend that Roberts violated Williams's constitutional rights because she allegedly went into the master bedroom after Williams was incapacitated on the floor and shot him. Viewing the facts in the light most favorable to the plaintiffs, even if Roberts entered the bedroom where Williams's body was found, the evidentiary record does not support plaintiffs' contention that Roberts shot Williams when he was helpless or after he was incapacitated. Thus, the district court did not err in granting Roberts qualified immunity.

■ Finally, the plaintiffs argue that Jerome County violated Williams's due process and Fourth Amendment rights by retaining control over Williams's property after the completion of the County's investigation of the shooting. The plaintiffs contend that the district court erred in concluding that the plaintiffs must avail themselves of post-deprivation state remedies before bringing substantive due process and Fourth Amendment claims under § 1983. *See Taylor v. Knapp,* 871 F.2d 803, 806 (9th Cir.1989); *Mann v. City of Tucson, Dept. of Police,* 782 F.2d 790, 792 (9th Cir.1986). Although plaintiffs cast their challenge to the County's retention of Williams's property as a Fourth Amendment claim, the seizure of the property

pursuant to the search warrant was proper. Further, the County's retention of Williams's property was proper because there was a continuing evidentiary need for the items seized. *See United States v. Martinson,* 809 F.2d 1364, 1369 (9th Cir. 1987). In addition, plaintiffs' substantive due process claim fails because the County's retention of Williams's personal property during the course of litigation was not "irrational and arbitrary." *See Dodd v. Hood River County,* 59 F.3d 852, 864 (9th Cir.1995).

AFFIRMED.