**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AARON L. STRIBLING, AKA Aaron Lamont Stribling, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> E. WILSON, Correctional Officer in individual and official capacity, <br><br> Defendant-Appellee. | No. 18-16504 <br><br> D.C. No. 1:17-cv-01275-AWI-BAM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted May 21, 2019[**]

Before: THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

California state prisoner Aaron L. Stribling, AKA Aaron Lamont Stribling,

appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983

action alleging that he was wrongfully deprived of personal property. We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Belanus v. Clark*, 796

F.3d 1021, 1024 (9th Cir. 2015) (dismissal under 28 U.S.C. § 1915A); *Watison v.*

*Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C.

§ 1915(e)(2)(B)(ii)).  We affirm.

The district court properly dismissed Stribling's Fourteenth Amendment due

process claim because Stribling failed to allege facts sufficient to show that a

meaningful post-deprivation remedy was unavailable to him.  *See Hudson v.*

*Palmer*, 468 U.S. 517, 533 (1984) (holding an unauthorized intentional deprivation

of property by a state employee does not constitute a violation of the procedural

protections of the Due Process Clause of the Fourteenth Amendment if a

meaningful post-deprivation remedy is available); *Barnett v. Centoni*, 31 F.3d 813,

816-17 (9th Cir. 1994) ("California [l]aw provides an adequate post-deprivation

remedy for any property deprivations.").

To the extent that Stribling alleged that the deprivation of his property

violated the Fourth and Eighth Amendments, the district court properly dismissed

these claims because Stribling failed to allege facts sufficient to state a plausible

claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a

complaint must contain sufficient factual matter, accepted as true, to state a claim

to relief that is plausible on its face" (citation and internal quotation marks

omitted)); *see also Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989) (Fourth

2

Amendment does not protect an inmate from the seizure or conversion of his property).

**AFFIRMED.**