37 F.3d 1504
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 James BLAIR-BEY, Plaintiff-Appellant,
v.
Samuel A. LEWIS, Director, Department of Corrections;
Alexander, Sgt., Personal Property Room;
D'Addablo, Property Room, Does Unknown,
Defendants-Appellees.
 No. 94-15590.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 14, 1994.*
Decided Sept. 19, 1994.
 
 Before: BROWNING, WRIGHT, and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Blair-Bey appeals pro se a summary judgment dismissing his 42 U.S.C. Sec. 1983 claim. We have jurisdiction under 28 U.S.C. Sec. 1291 and review de novo the grant of summary judgment. Fu-Kong Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).[1] We affirm. His Fourth Amendment rights were not violated when prison officials limited his access to his personal property. Otherwise he raised no genuine issue of material fact.[2]
 
 
 3
 Blair-Bey is in the custody of the Arizona Department of Corrections. He was housed in the Special Caution Area of the Special Management Unit because he was a serious security risk. ADC received his personal property when he transferred from an Iowa prison, inventoried it and delivered some items to him. He was notified that the rest would be stored during his incarceration.
 
 
 4
 Because he is an inmate, many of Blair-Bey's rights are lawfully curtailed. Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir.1989) (Fourth Amendment does not protect seizure and destruction of inmate property). His due process rights are reasonably limited by the legitimate security concerns of the institution. Bell v. Wolfish, 441 U.S. 520, 554 (1979); Redman v. County of San Diego, 942 F.2d 1435, 1440-41 (9th Cir.1991). If ADC officials are legitimately concerned about permitting inmates to obtain certain personal items, the Fifth Amendment permits reasonable restrictions. Id. at 555.
 
 
 5
 Blair-Bey had recently transferred to ADC custody. ADC officials believed that he was a serious security risk, providing a reasonable basis for limiting his access to personal property. No material facts are disputed. The district court did not err.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We view the evidence in the light most favorable to Blair-Bey and decide whether any genuine issue of material fact exists and whether the law was correctly applied. Id. Because his arguments change throughout his complaint and appellate briefing, we apply substantive law that differs from that used by the district court. See Lee v. United States, 809 F.2d 1406, 1408 (9th Cir.1987) ("may affirm on any ground fairly supported by the record")
 
 
 [2]
 He also argues that officials violated his First and Eighth Amendment rights. But these issues were not raised below, and we will not review them. No exceptional circumstance exists; review is not necessary to prevent manifest injustice. International Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985)