95 F.3d 1156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony BUNCHE, Plaintiff-Appellant,
v.
James GOMEZ; G. Bonnie Garibay; H. Bard; P. Ogas; and R.
Bryant, Defendants-Appellees.
 No. 95-17133.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 19, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthony Bunche, a California state prisoner, appeals pro se the district court's dismissal as frivolous of his 42 U.S.C. § 1983 action.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review the district court's sua sponte dismissal prior to service of process for abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33 (1992). An in forma pauperis complaint may be dismissed before service of process "if it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 324 (1989); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). Unless it is absolutely clear that no amendment can cure the defect, a pro se litigant proceeding in forma pauperis is entitled to notice and an opportunity to amend the complaint before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir.1984).
 
 
 4
 Bunche alleged in his complaint that prison officials destroyed his personal property in violation of prison procedures.
 
 
 5
 The negligent or intentional unauthorized deprivation of property by prison officials does not state a cognizable cause of action under section 1983 if the prisoner has an adequate post-deprivation state remedy. Taylor v. Knapp, 871 F.2d 803, 805-06 (9th Cir.), cert. denied, 493 U.S. 868 (1989).
 
 
 6
 Here, Bunch alleged that the destruction of his property was intentional and unauthorized. Moreover, California law provides an adequate post-deprivation remedy for property deprivations. See Cal.Gov't Code § 844.6; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir.1994). Bunche, therefore, cannot state a cause of action under section 1983, and the district court properly dismissed Bunche's property claim without leave to amend. See Noll, 809 F.2d at 1448.[2]
 
 
 7
 To the extent that Bunche alleges that prison officials interfered with his right to petition the government for redress of grievances, it is clear from the documents submitted with Bunche's complaint that his access to the internal grievance procedure was not impaired. See Lewis v. Casey, 116 S.Ct. 2174, 2176 (1996) (requiring prisoner to demonstrate that a nonfrivolous legal claim had been frustrated or impaired).
 
 AFFIRMED.[3]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Bunche's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court dismissed this action under 28 U.S.C. § 1915(d), which is now 28 U.S.C. § 1915(e)(2)(B)(i)
 
 
 [2]
 In his brief on appeal, Bunche contends that prison officials destroyed his property in retaliation for his filing of grievances. Because Bunche failed to raise this claim before the district court, we decline to address it. See International Union of Bricklayers v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985)
 
 
 [3]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996)